**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Lee TOWNSEND, Defendant-Appellant.**

**No. 71-1211.**

United States Court of Appeals, Tenth Circuit.

Jan. 14, 1972.

Jack Speight, Asst. U. S. Atty. (Richard V. Thomas, U. S. Atty., and Tosh Suyematsu, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Richard S. Hays, of Hemminger, McKendree, Vamos & Elliott, Denver, Colo., for defendant-appellant.

Before BREITENSTEIN, HILL and McWILLIAMS, Circuit Judges.

PER CURIAM.

David Lee Townsend, age 19, pleaded guilty to a Dyer Act violation (18 U.S.C. § 2312) and was sentenced to a maximum period of imprisonment of three years pursuant to the provisions of 18 U.S.C. § 4208(a) (2). On appeal the issue is whether in accepting the tendered plea of guilty the trial court complied with the mandatory requirements of Fed. R.Crim.P. 11. We find there was no such compliance.

On arraignment the trial court did make some inquiry of Townsend concerning whether there was a factual basis for Townsend's tendered plea of guilty. However, our perusal of the record discloses that Townsend was in nowise informed as to the various consequences of his tendered plea, which would certainly include explanation as to the nature and extent of the punishment which could lawfully be imposed.

In McCarthy v. United States, 394 U. S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), it was held that Rule 11 requires a trial judge before accepting a plea of guilty to make inquiry as to the defendant's understanding of the nature of the charge and the consequences of the plea, as well as inquiry designed to ascertain whether there is a factual basis for the proffered plea. *McCarthy* also holds that a defendant is entitled to plead anew if the trial court accepts a guilty plea without "fully adhering" to the procedure provided by Rule 11.

The rule of *McCarthy* has been applied by us in such cases as United States v. Birmingham, 454 F.2d 706 (10th Cir. 1971), and United States v. Sanders, 435 F.2d 1282 (10th Cir. 1970).

The judgment is reversed and the case remanded with direction that the trial court permit Townsend to withdraw his plea of guilty and plead anew.