UNITED STATES of America,
Plaintiff-Appellee,

v.

Edward KING, Defendant-Appellant.

No. 79–1678
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1979.

Edward King, pro se.

James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before BROWN, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges:

PER CURIAM:

This appeal is from the denial of a motion under 28 U.S.C. § 2255 to vacate and set aside a sentence imposed upon Edward King by the United States District Court for the Northern District of Alabama.

In May, 1974, King was convicted on his guilty pleas of importing heroin on three occasions, in violation of 21 U.S.C. § 952(a). He received a ten year sentence for these offenses. Shortly thereafter, King was convicted by a jury of conspiracy to import

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

heroin under 21 U.S.C. § 846, upon which conviction a 15 year consecutive sentence was imposed. This Court affirmed his conspiracy conviction on direct appeal. *United States v. King,* 517 F.2d 350 (5th Cir. 1975).

In 1977, King filed with the sentencing court a 28 U.S.C. § 2255 motion seeking to vacate the judgment of conviction and sentence imposed thereon in the conspiracy case. He claimed invalidity on the ground that he was twice put in jeopardy and the fifteen year consecutive sentence constituted cruel, unusual and excessive punishment. The district court denied relief and this Court affirmed. *King v. United States,* 565 F.2d 356 (5th Cir. 1978).

In February, 1979, King filed another § 2255 motion, this time seeking to vacate the judgment of conviction and sentence in the § 952(a) case (importation of heroin) in which he pleaded guilty. In the district court King contended that there was noncompliance with Rule 11, Federal Rules of Criminal Procedure, and further contended that his pleas were not voluntary since they were based on a plea agreement that was not honored. The district court denied relief. We affirm.

King contends that the district court erred in determining that there was a factual basis for the pleas without addressing him, and further erred in that the court did not personally address him regarding his withdrawing his previously entered not guilty pleas.

Rule 11 as it existed prior to 1975 was as follows:

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

■ A review of the record reflects that the district court did personally address King or his attorney in King's presence in open court, not only respecting the voluntariness of the tendered pleas but also as to the factual basis therefor.[1]

---

1. Record, pp. 4–11:

THE COURT: The first case I would like to call would be the case of *United States v. Edward King,* Case Number 74–106.

MR. SHEFFIELD: Your Honor, the defendant is present.

THE COURT: Okay. Is the Government ready?

MR. BOWEN: Yes, sir.

THE COURT: Y'all have an announcement with regard to trial or any other announcement?

MR. SHEFFIELD: Yes, your honor. The Government had made a recommendation and it was carried over to today for the purpose of considering a plea and the recommendation, we have considered it, and we wish to enter a plea.

THE COURT: Mr. King, on April 19, 1974, you entered a plea of not guilty to the charges preferred against you in a three-count indictment which has been docketed in this Court as Case Number 74–106 and you and your attorney are here this morning to either answer those charges or to enter some other different plea and I'm advised by your attorney that you desire at this time to consider withdrawing your earlier plea of not guilty and entering a plea of guilty. I will ask you have you had sufficient time to discuss this case with Mr. Sheffield, your attorney?

DEFENDANT KING: Yes, sir.

THE COURT: Are you satisfied that you understand the charges that are preferred against you in this indictment?

DEFENDANT KING: Yes, sir.

THE COURT: Mr. Sheffield, are you satisfied that this defendant does in fact understand these charges?

MR. SHEFFIELD: Yes, Your Honor. I've discussed the matter on three separate occasions at length and in detail with the defendant.

THE COURT: All right. Do you desire then to withdraw your earlier plea of not guilty?

MR. SHEFFIELD: Yes, sir.

THE COURT: All right. Withdrawal is allowed. Are you prepared at this time to enter a plea to the charges against you, Mr. King?

DEFENDANT KING: Yes, sir.

THE COURT: What is your plea?

DEFENDANT KING: Guilty, sir.

THE COURT: Before accepting your plea of guilty there are certain matters into which I

must inquire and this will necessitate your being placed under oath. I'm going to request the Clerk to administer an oath to you at this time.

THE CLERK: Raise your right hand.

(Whereupon, the defendant was duly sworn to speak the truth, the whole truth, and nothing but the truth at this point, after which the following occurred:)

THE COURT: It is not uncommon for pleas of guilty to be offered as a result of plea agreements between the defendant or his counsel and the U.S. Attorney's Office predicated upon some recommended sentence or disposition that the Court might make in the event the plea is accepted. Plea agreements or recommended dispositions are certainly permissible but the defendant himself, his counsel, and the U.S. Attorney's Office all have an obligation to the Court to disclose the existence of any plea agreement or any recommended disposition that might underlie the offered plea of guilty and to state the details thereof to the Court. I'm going to request the U.S. Attorney's Office at this time to advise the Court of any recommended disposition or plea agreement that might underlie the offered plea of guilty and state the details thereof at this time.

MR. BOWEN: May it please the Court, it's my understanding that Mr. Salter of our office has indicated to the defendant and his attorney that upon a plea of guilty he would recommend a sentence of ten years in the custody of the Attorney General, straight sentence.

THE COURT: Mr. Sheffield, you've heard Mr. Bowen indicate the extent and the knowledge of the U.S. Attorney's Office with regard to any plea agreement or recommended sentence which might be imposed by the Court should a plea of guilty be offered and accepted. I'll ask you if there is anything you need to add to make the statement complete and correct?

MR. SHEFFIELD: Your Honor, the U.S. Attorney has stated the agreement as I understood it.

THE COURT: Mr. King, in offering your plea of guilty at this time are you relying upon a representation to you or to anybody else for your benefit—

DEFENDANT KING: No, sir.

THE COURT: —that the sentence the Court might impose should it accept a plea of guilty would be anything other a ten year custody sentence?

DEFENDANT KING: No, sir.

THE COURT: Other than relying upon this recommendation have any promises been made to you or any threats been made to you in order to encourage you to withdraw your earlier plea of not guilty and enter this plea of guilty?

DEFENDANT KING: No, sir.

THE COURT: I assume that you understand that in the event the Court accepts the plea of guilty, all that would remain would be for the Court to impose sentence and that the maximum sentence which could be imposed for each of the counts charged in this indictment would be a fine of $25,000.00 or 15 years in the penitentuary [sic], or both, and a special parole term of 2 years; do you understand that?

DEFENDANT KING: Yes, sir.

THE COURT: I assume then that you also understand that without the plea of guilty the burden would be upon the Government to prove beyond a reasonable doubt to a Jury that you are in fact guilty but that with the plea of guilty there will be no Jury trial, there will be no further presumption of innocence and there will be no right to confront or to cross examine witnesses whose testimony otherwise would be necessary in order to obtain a conviction; do you understand that?

DEFENDANT KING: Yes, sir.

THE COURT: How do you feel today physically?

DEFENDANT KING: I feel good.

THE COURT: Have you within the past 72 hours taken any drugs, medication or narcotics of any kind?

DEFENDANT KING: No, sir.

THE COURT: I assume then that you are offering this plea of guilty because you are in fact guilty and for no other reason, is that correct?

DEFENDANT KING: Yes, sir.

THE COURT: Does the United States Attorney or does counsel for the defendant know anything not before the Court at this time which would assist the Court in making a determination that this defendant's plea of guilty is freely, knowingly and voluntarily being offered?

MR. BOWEN: No, sir.

MR. SHEFFIELD: Your Honor, I can only say that the defendant has been fully apprised of all of the facts pertaining to his case; they have been discussed on a number of occasions. I am personally satisfied that the defendant enters a plea freely and voluntarily.

THE COURT: All right. Thank you sir. What would the Government expect to prove should this case go to trial?

MR. BOWEN: May it please the Court, before the Government recites that, could I have one second to speak to Mr. Sheffield?

THE COURT: Yes, sir.

(Short pause with an off the record discussion after which the following occurred:)

MR. BOWEN: May it please the Court, the Government would expect the evidence to prove that on or about the 1st day of December, 1973 a customs check was made of some mail coming in to the United States from Tialand [sic] and approximately 48 grams of heroin was discovered to be in this mail; the mail was addressed to a Post Office Box here in Birmingham which was rented by this defendant, that on or about the 5th day of December, a similar check was made wherein 71 grams of heroin were found also addressed to the same Post Office Box and on or about the 12th day of December, 1973 61.9 grams of heroin were found by a customs check of mail coming in

■ To the extent that the district court did not address the defendant personally on the question of a factual basis for the pleas there was no violation of Rule 11. As long as the factual basis is developed on the record, it may come from several sources. *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Sassoon v. United States,* 561 F.2d 1154, 1158 (5th Cir. 1977).

■ To the extent that here neither the judge nor the prosecutor made the inquiry of the defendant personally, we hold that the plea proceedings in this instance do not reveal a "complete miscarriage of justice" and that the proceedings were not "inconsistent with the rudimentary demands of fair procedure." *Lambert v. United States,* 5 Cir., 600 F.2d 476, No. 78–2540, August 6, 1979.

■ Finally, King contends that there was an unkept plea agreement to the effect that he would not be prosecuted on similar charges. The transcript, as set out in Footnote 1, absolutely refutes this contention. It is clear that the full agreement was a recommended ten year sentence. This King received.

AFFIRMED.

from Tialand [sic] and addressed to the Post Office Box rented by this defendant, that the mail was sent through, it was picked up and that a search warrant was executed and the letter contained in the envelopes with the heroin were found in this defendant's home and that upon being advised of his rights an interview shows this defendant admitted that he had been purchasing the heroin from a source in Tialand [sic] and that it was being sent to him in the mails and he was mailing the money to Tialand [sic] to pay for it.

THE COURT: How old are you, Mr. King?
DEFENDANT KING: Twenty-four.
THE COURT: All right. The Court finds that the defendant's plea of guilty is freely, knowingly and voluntarily offered by this defendant and that the requisite factual basis to support the plea exists and the Court is going to accept the plea of guilty. Do I have a presentence report?