**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Laurence KEISWETTER, Defendant–Appellant.**

No. 87–2347.

United States Court of Appeals, Tenth Circuit.

Feb. 9, 1989.

Vicki Mandell–King, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the briefs), Denver, Colo., for defendant-appellant.

Robin Fowler, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., with him on the brief), Wichita, Kan., for plaintiff-appellee.

ON REHEARING EN BANC

Before HOLLOWAY, Chief Judge, McKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK, BRORBY and EBEL, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This case is before the court sitting en banc to rehear the question of the appropriate remedy to apply following the panel's determination that the record did not support defendant Keiswetter's plea of guilty and remand was necessary to clarify the factual basis of the plea. *United States v. Keiswetter,* 860 F.2d 992 (10th Cir.1988). Mr. Keiswetter now contends on rehearing that the panel should not have ordered the partial remand, and the plea of guilty should be vacated. We agree.

Although protesting his innocence, Mr. Keiswetter entered a plea of guilty in accordance with *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162

(1970). Eleven days later, and prior to sentencing, Mr. Keiswetter moved to withdraw the plea; but the trial court denied the motion, ostensibly after concluding the defendant demonstrated no fair and just reason to allow withdrawal. Fed.R.Crim.P. 32(d). Upon review of that holding, the panel concluded the record failed to demonstrate that the plea was properly accepted in the first instance because of the absence of evidence of a factual basis for the plea. Fed.R.Crim.P. 11(f). To overcome this gap in the record, the panel ordered a partial remand to allow the trial judge to clarify his reasons for having made that finding.

However, when it is determined that a plea of guilty is improvidently accepted by a trial court without full compliance with Fed.R.Crim.P. 11, the plea must be vacated. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). *McCarthy* mandates that remedy for this case. *See also United States v. Theron*, 849 F.2d 477 (10th Cir.1988); *United States v. Blackner*, 721 F.2d 703 (10th Cir.1983); *United States v. Thomas*, 468 F.2d 422 (10th Cir.1972), *cert. denied*, 410 U.S. 935, 93 S.Ct. 1389, 35 L.Ed.2d 599 (1973); *United States v. Townsend*, 453 F.2d 1334 (10th Cir.1972). The judgment of the district court is REVERSED and REMANDED with instructions to vacate the defendant's plea of guilty and undertake further proceedings upon his plea of not guilty to the original charge.

BALDOCK, Circuit Judge, dissenting.

The en banc court determines that when an appellate record does not contain an adequate factual basis for a plea, the plea must be vacated. With this holding, I have no quarrel. I simply think that the holding is being applied prematurely in this case. I respectfully dissent because the district court should be permitted to explain its reasoning based on record facts before we decide whether there is a sufficient factual basis for the plea.

Fed.R.Crim.P. 11(f) requires the district court to make "such inquiry as shall satisfy it that there is a factual basis for the plea." The district court "must develop, *on the*

*record*, the factual basis for the plea." *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) (emphasis in original). Moreover, "[i]t is essential that a court accepting an *Alford* plea make every effort to ensure that a defendant recognize precisely what his plea entails." *United States v. Punch*, 709 F.2d 889, 895 (5th Cir.1983).

In *McCarthy v. United States*, 394 U.S. 459, 463–64, 89 S.Ct. 1166, 1169–70, 22 L.Ed.2d 418 (1969), the United States Supreme Court held that noncompliance with Rule 11 requires that a defendant's plea be set aside and the defendant be allowed to plead anew. This *per se* rule has been modified with the adoption of Fed.R.Crim. P. 11(h) which provides that: "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." "Although subdivision (h) modified *McCarthy's* rule of per se reversal, a district court must still engage in careful and thorough compliance with the rule's requirements, and violations which may be classified as 'harmless error' on direct appeal are limited." *United States v. Jaramillo–Suarez*, 857 F.2d 1368, 1371 (9th Cir.1988). Of course, the lack of a factual basis for a plea is the type of fundamental error which requires that a plea be vacated and the defendant be allowed to plead anew.

In this case, the district court expressly satisfied itself that there was a factual basis for the plea. But, as the panel majority noted, "the record fails to reflect clearly the evidence on which the trial judge relied in reaching his conclusion that there was a factual basis to believe that Mr. Keiswetter possessed the requisite intent for the crime of conversion." *United States v. Keiswetter*, 860 F.2d 992, 996 (10th Cir.1988). The record did not contain "the precise factual basis" for the district court's conclusion. *Id.* This does not mean that the district judge reached an impermissible conclusion, but rather one that was not readily apparent to us from the record. The district court did not provide us with the rationale for its subjective decision on this issue, although there may well be sufficient evi-

dence in the record to support that decision.

The panel majority conceded that the prosecutor's description of the case did not mention any direct evidence of intent. *Id.* But it then acknowledged that the district court may have relied on other sources for its conclusion, such as: 1) a signed and sworn statement by the defendant in a petition to enter a guilty plea, 2) a presentence report or 3) other factors in the record of which we were not cognizant. *See United States v. King,* 604 F.2d 411, 414 (5th Cir.1979) ("As long as the factual basis is developed on the record, it may come from several sources.") When the import of these sources is known, we may better evaluate the district court's decision to accept the plea. *See United States v. Allen,* 804 F.2d 244, 248 (3rd Cir.1986), *cert. denied,* 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987) (remanding for reconsideration of existing Rule 11 record). In accordance with the decision of the panel majority, I would remand the case for the necessary clarification. At this point, I am not satisfied that the district court has committed error.