25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul F. RATHER, Petitioner-Appellant,
v.
William S. PRICE and Gale A. Norton, Attorney General for
the State of Colorado, Respondents-Appellees.
 No. 93-1428.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Paul F. Rather appeals from an order dismissing his 28 U.S.C. 2254 habeas corpus petition. He seeks to withdraw his plea on the grounds that he was not advised of one of the elements of the offense, a factual basis was not established for the offense, the judge gave him inaccurate information about his parole eligibility, and trial counsel was ineffective. We affirm.
 
 
 4
 Petitioner was charged with committing a series of sexual assaults, burglaries, and robberies. He agreed to plead guilty to one count of first degree sexual assault, Colo.Rev.Stat. 18-3-402, one count of commission of a violent crime, Colo.Rev.Stat. 16-11-309, and one count of second degree burglary, Colo.Rev.Stat. 18-4-203, in exchange for dismissal of the remaining counts. On April 5, 1984, while maintaining his innocence, he entered a guilty (Alford ) plea. He was sentenced to thirty years' incarceration.
 
 
 5
 In 1989, petitioner moved the state district court for leave to withdraw the plea. The court denied the motion. Petitioner appealed but filed the present action before the conclusion of the state appeal. Then, while the habeas action was pending, the appeal was decided adversely to petitioner, and certiorari was denied.
 
 
 6
 The magistrate judge concluded that, although the state appellate court did not address the claims raised in the habeas action, petitioner had exhausted his state remedies and had not procedurally defaulted the claims he raises in this habeas action. Respondents do not challenge this ruling. The magistrate judge further rejected the challenges to the plea and to trial counsel's performance, and recommended the petition be dismissed. The district court adopted the recommendation and dismissed the petition.
 
 
 7
 Petitioner first challenges the voluntariness of his plea, a question of federal law reviewed de novo. Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir.1989). He argues that his plea was not knowing and voluntary because the state district court failed to advise him that one of the elements of the first degree sexual assault count to which he pleaded was that he used a deadly weapon. He contends he only discovered that use of a deadly weapon was an element of the charge when he later obtained copies of the information, and that this element was used to increase the sexual assault charge from a class three to a class two felony.
 
 
 8
 Colorado Rev. Stat. 18-3-402(3) provides that first degree sexual assault is a class two felony if any of three circumstances is present: a) the assailant is aided or abetted, b) the victim suffers serious bodily injury, or c) the assailant is armed with and uses a deadly weapon to cause the victim to submit. It is undisputed that subsection (a) does not apply.
 
 
 9
 The fourth and thirteenth counts of the information charged petitioner with committing first degree sexual assault while using a deadly weapon. However, these counts were dismissed as part of the plea agreement, and three new counts were substituted. The sexual assault count to which petitioner pleaded is not in the record. Thus, we cannot determine whether he pleaded to sexual assault where the victim suffers serious bodily injury, or sexual assault while using a deadly weapon.
 
 
 10
 In either event, petitioner was adequately informed of the elements of the charge. The court advised him that one of the elements of the sexual assault charge was that the victim suffered serious bodily injury. He also was advised that he used a deadly weapon during the sexual assault. We reject his contention that this advisement only related to the separate count of committing a violent crime, as defined in section 16-11-309. This section enhances a sentence when certain crimes are committed with the use of a deadly weapon. It is not a separate substantive offense. People v. Russo, 713 P.2d 356, 364 (Colo.1986).
 
 
 11
 Petitioner next contends no factual basis existed for the serious bodily injury element of the sexual assault count. A court may accept an Alford plea only if there is a factual basis in the record of actual guilt. United States v. Keiswetter, 860 F.2d 992, 995 (10th Cir.1988), modified in part on reh'g in banc, 866 F.2d 1301 (10th Cir.1989). As part of the plea agreement, petitioner agreed to waive the factual basis for the serious bodily injury element. Petitioner cites no authority holding that a defendant cannot do so. We therefore reject this contention.
 
 
 12
 Petitioner argues there was an inadequate factual basis for the use of a deadly weapon element. We have carefully reviewed the record and disagree. There was sufficient evidence that the guns used by the assailant to commit the sexual assaults were real firearms. We therefore reject this argument.
 
 
 13
 We also reject petitioner's contention that the plea was invalid because the judge incorrectly advised him that any sentence he received could be followed by one year of parole. The Constitution does not require states to provide defendants with accurate information about parole eligibility for their guilty pleas to be voluntary. Hill v. Lockhart, 474 U.S. 52, 56 (1985). To the extent they compel a different conclusion, the Supreme Court decisions cited by petitioner were decided before Hill and therefore are not controlling; the lower court decisions cited by petitioner cannot override Supreme Court precedent.
 
 
 14
 Finally, petitioner argues that trial counsel was ineffective because he inaccurately advised petitioner that he would have to serve no more than thirteen years if he received most of his good and earned time credits, with a mandatory one year of parole thereafter. To prevail on an ineffective assistance of counsel claim in the context of a guilty plea, petitioner must show both that counsel's performance fell below an objective standard of reasonableness and there is a probability that but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. Id. at 57-59.
 
 
 15
 Petitioner's ineffective assistance of counsel claim fails the first prong of the test. The reasonableness of counsel's performance must be evaluated as of the time of the performance. Strickland v. Washington, 466 U.S. 668, 690 (1984). Counsel's advice was consistent with the parole board's interpretation of the law at the time the plea was entered. See Thiret v. Kautzky, 792 P.2d 801, 806 (Colo.1990). That the parole board's interpretation was later rejected in Thiret, id. at 807, does not make counsel's performance deficient. Further, that Thiret 's interpretation of the statutes was deemed foreseeable in Aue v. Diesslin, 798 P.2d 436, 441 (Colo.1990), is not dispositive because counsel's advice in 1984 was within the wide range of professional advice given by attorneys at that time. See People v. Moore, 844 P.2d 1261, 1262 (Colo. Ct.App.1992), cert. denied, Feb. 1, 1993.
 
 
 16
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470