**UNITED STATES COURT OF APPEALS**
**Filed 9/9/96**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA, )
                     )
        Plaintiff-Appellee, )
                     )
        v.                    )            No. 95-3367
                     )     (D.C. No. 93-CR-10103)
ALLEN J. BROOKS,           )           (D. Kansas)
                     )
        Defendant-Appellant. )

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LOGAN**, and **BRISCOE**, Circuit Judges.

---

Defendant Allen J. Brooks appeals his conviction after pleading guilty to one count (Count IV) of carrying or using a firearm, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Defendant received a ten-year prison sentence. On appeal defendant argues (1) he should be allowed to withdraw his guilty plea because he was misled to believe that his sentence could be less than the mandatory

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

minimum ten years; and (2) under Bailey v. United States, 116 S. Ct. 501 (1995), there was no factual basis for the court's acceptance of his guilty plea.

The plea agreement provided that defendant would plead guilty to Count IV and the government would drop three counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, as well as an additional count of violating 18 U.S.C. §§ 924(c) and 2. Before sentencing, defendant filed a motion to withdraw his guilty plea, claiming that he misunderstood that the district court had authority to sentence him to less than ten years, and that he had new evidence concerning Count IV.

The district court rejected defendant's claim that he misunderstood the possible penalty, pointing to the wording of the plea agreement and to the change of plea hearing at which defendant acknowledged he faced a mandatory ten-year sentence. The district court held two hearings on the supposed new evidence that the shotgun defendant allegedly used or carried in Count IV was not his but was used in an unrelated murder. The government produced evidence that the murder was committed with a different type of gun, and that defendant had told police he had found the shotgun in the alley behind his house some years earlier and kept it in his closet. The district court then denied defendant's motion to withdraw his plea.

A guilty plea that is not knowing and voluntary constitutes a "fair and just" reason for allowing withdrawal of the plea. See United States v. Guthrie, 64 F.3d 1510, 1513

(10th Cir. 1995); Fed. R. Crim. P. 32(e) (court may allow defendant to withdraw plea if defendant shows "any fair and just reason"). In support of his argument that he did not understand that the sentencing court lacked the authority to sentence him to less than ten years, defendant cites a statement by the district court at the change of plea hearing:

> And, of course, the statute itself here on this particular charge provides for a maximum [sic] mandatory sentence of ten years. . . . Of course, under the guidelines the Court necessarily could go up above the guidelines or go down. Under the guidelines normally on mandatory sentence the Court has no authority. So we rarely do that, but the Court does have that authority.

IV R. doc. 66 at 8. The omitted portion of this quote, however, contains the district court's statement to defendant that "you do know that there is a mandatory ten years sentence in this case, right?" Id. Defendant replied "Yes." Id.[1]

Defendant also points out that the indictment itself stated that Count IV carried a five-year sentence. We agree that the indictment, standing alone, misstated the possible sentence. The plea agreement, however, clearly states that "[t]he parties agree that the sentence for Count IV is a term of 10 years, and this is the sentence to be recommended by the defendant and the United States." I R. doc. 41 at 1. Although the record indicates that defendant may have had a change of heart after he entered the plea agreement, that is

---

[1] If the government had made an 18 U.S.C. § 3553(e) or a § 5K1.1 motion the district court could have departed below the ten-year mandatory term. Thus, the court's quoted statement is literally true.

not a "fair and just" reason to withdraw his guilty plea. See United States v. Hickok, 907 F.2d 983, 986 (10th Cir. 1990).

Defendant next alleges that the district court erred in accepting his plea because the record does not contain a factual basis for finding that he "used" or "carried" a firearm within the meaning of § 924(c)(1) as interpreted by Bailey. This is a factual finding which we review for clear error. United States v. Blair, 54 F.3d 639, 643 (10th Cir.), cert. denied, 116 S. Ct. 220 (1995).

In United States v. Barnhardt, No. 96-6127, 1996 WL 473314 (10th Cir. Aug. 20, 1996), we held that if the factual basis for the guilty plea did not constitute a crime under § 924(c)(1) as defined by Bailey, a defendant may attack the validity of his conviction under 28 U.S.C. § 2255. That holding supports defendant's right on direct appeal to challenge whether the factual basis of his guilty plea survived Bailey. Bailey applies retroactively to cases on direct review on the date that it was decided, December 6, 1995. See United States v. Wacker, 72 F.3d 1453, 1463 (10th Cir. 1995), petition for cert. filed, (U.S. June 10, 1996) (No. 95-9284).

As we explained in Barnhardt, retroactive application of Bailey differs depending on whether the defendant pleaded guilty or was convicted by a jury. Barnhardt, 1996 WL 473314 at *3. In United States v. Miller, 84 F.3d 1244, 1257 (10th Cir. 1996), we held that if the indictment alleged and the jury was instructed concerning both the "use" and "carry" prongs of § 924(c)(1), and if the "use" instruction was erroneous in light of

4

Bailey, reversal is required unless the appellate court can be certain the jury convicted solely on the "carry" prong.

> However, when a defendant pleads guilty the concerns underlying our decision in Miller are not implicated. When a defendant pleads guilty, it is necessary only that the court "mak[e] such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f). See United States v. Blair, 54 F.3d 639, 643 (10th Cir.), cert. denied, ___ U.S. ___ (1995). Accordingly, the determination of [defendant's] motion depends on whether there is an adequate factual basis for his guilty plea.

Barnhardt, 1996 WL 473314 at *3 (footnote omitted).

Bailey held that the "use" prong of § 924(c)(1) requires "evidence sufficient to show an active employment of the firearm by the defendant," 116 S. Ct. at 505 (emphasis added), which includes "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 508. Although Bailey did not define the "carry" prong, it "suggests that neither storage nor possession of a gun, without more, satisfies the 'carry' prong of § 924(c)(1)." United States v. Spring, 80 F.3d 1450, 1464 (10th Cir. 1996), petition for cert. filed, (U.S. June 25, 1996) (No. 95-9420). Before Bailey we defined "carry" as involving "two elements: possession of the weapon through the exercise of dominion or control; and transportation of the weapon." Id. at 1465 (quoting United States v. Martinez, 912 F.2d 419, 420 (10th Cir. 1990)). Although incomplete, this definition is substantially unaltered by Bailey.

In the instant case the factual basis for defendant's plea under either the "use" or "carry" prong of § 924(c) does not appear in the record. Defendant stated in his petition

5

to enter a plea of guilty that he "possessed fire arms [sic] during and in relation to the above mentioned drug trafficking crimes." I R. doc. 42 at 1. Further, at the change of plea hearing defendant stated that he was guilty because of "possession of illegal firearm and trafficking of drugs." IV R. 10. Mere possession does not support a factual finding of either "use" or "carrying." Finally, the government stated that the evidence would show that "this shotgun was carried and used or possessed during and in relation to drug trafficking that was taking place in the residence." IV R. 6. In sum, unlike in Barnhardt-- where the defendant admitted carrying the firearm tucked in his pants during the drug transaction to protect himself--the record in the instant case does not contain an adequate factual basis to meet either the "carry" or "use" prong of § 924(c).

We therefore REMAND to the district court, directing that it vacate defendant's plea of guilty. The court shall set aside the plea agreement unless defendant chooses to plead anew, reciting facts sufficient under Bailey to establish that he "carried" or "used" the firearm in connection with a drug trafficking offense. See McCarthy v. United States, 394 U.S. 459, 463-64 (1969); United States v. Keiswetter, 866 F.2d 1301 (10th Cir. 1989) (en banc).

Entered for the Court

James K. Logan
Circuit Judge

6