103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles S. WALKER, aka Ood, Defendant-Appellant.
 No. 96-5289.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1996.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Charles S. Walker, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1995, Walker pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, and using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).
 
 
 3
 Walker has filed a timely appeal arguing that the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), renders his § 924(c) conviction invalid.
 
 
 4
 Upon review, we conclude that sufficient evidence does not exist to support Walker's § 924(c) conviction for "using" a firearm. In Bailey, 116 S.Ct. at 506-07, the Supreme Court concluded that § 924(c) requires evidence sufficient to establish that a defendant actively employed a firearm, using it as an operative factor in relation to the predicate offense. While "use" of the firearm includes brandishing, displaying, bartering, striking with, and firing, it does not encompass the "inert presence" of a firearm, which may be available for intimidation, attack, or defense. Id. at 508. Consequently, the mere possession of a firearm by a drug vendor is insufficient for "use" under the statute and the storing of a firearm near drugs or proceeds, without its more active employment, is not reasonably distinguishable from possession. Id.
 
 
 5
 In light of Bailey, the facts underlying Walker's case are now insufficient to support his conviction for "using" a firearm in relation to a drug trafficking offense. The record reflects that in July 1994, police officers had begun to execute a search at Wolf Brown's home. During the search, an individual telephoned the residence, and identified himself as Ood. Officer Jordan answered the phone, and Ood stated that he "had the stuff," that he was at a certain location, and that he would like to settle his bill. Ood also identified the car he was driving. When the officers arrived at the scene, they found Walker seated in the driver's seat of a car. As they approached Walker, they noticed him reach towards the floorboard of the car. After they arrested Walker, the police discovered a quantity of methamphetamine in the floorboard by the driver's side, a shotgun lodged between the driver's seat and the driver's door, and a handgun on the console between the two seats. However, the government presented no evidence that Walker actively employed the firearms. This evidence is insufficient to support a conviction for "using" the firearms under § 924(c). Id. at 506-08.
 
 
 6
 Further, Bailey applies retroactively to Walker's case. The Supreme Court decided Bailey between Walker's guilty plea in November 1995, and his sentencing in February 1996. Thus, Walker is entitled to challenge whether the factual basis for his guilty plea survived Bailey. Cf. United States v. Barnhardt, 93 F.3d 706, 708-09 (10th Cir.1996) (if the factual basis for the guilty plea did not constitute a crime under § 924(c)(1) as defined by Bailey, a defendant may attack the validity of his conviction under 28 U.S.C. § 2255); see also United States v. Brooks, No. 95-3367, 1996 WL 508419 (10th Cir. Sept. 9, 1996) (the court's holding in Barnhardt supports a defendant's right on direct appeal to challenge whether the factual basis of his guilty plea survived Bailey ).
 
 
 7
 Nonetheless, the government presented sufficient evidence to support Walker's conviction for "carrying" a firearm in relation to a drug offense. As stated above, the record reflects that police officers arrested Walker after they discovered methamphetamine and two weapons in his car. In addition, at his plea hearing, Walker testified that he had set up a meeting to deal methamphetamine, and that he had the firearms with him to facilitate his drug dealing. Hence, Walker transported the weapons in relation to his drug trafficking crime, and they were immediately available to him. See United States v. Moore, 76 F.3d 111, 113 (6th Cir.1996); United States v. Riascos-Suarez, 73 F.3d 616, 623 (6th Cir.1996), cert. denied, 1996 WL 337196 (Oct. 7, 1996).
 
 
 8
 Accordingly, we hereby affirm the district court's judgment.