**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                                 No. 96-7610

RONALD CLEMENT BEST,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-90-30-A, CA-96-374-AM)

Argued: June 6, 1997

Decided: August 12, 1997

Before HAMILTON and LUTTIG, Circuit Judges, and
GARBIS, United States District Judge for the
District of Maryland, sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion. Judge
Garbis wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Kenneth Alan Redden, UNITED STATES ATTOR-
NEY'S OFFICE, Alexandria, Virginia, for Appellant. Steven Freder-
ick Reich, Assistant Federal Public Defender, Greenbelt, Maryland,
for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney,
Jay Apperson, Assistant United States Attorney, UNITED STATES

ATTORNEY'S OFFICE, Alexandria, Virginia, for Appellant. James K. Bredar, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal is from an order granting appellee Ronald Best's motion filed pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence for using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Relying on the Supreme Court's holding in Bailey v. United States, 116 S. Ct. 501 (1995), that the mere possession of a firearm is insufficient to support a conviction for using a firearm in violation of § 924(c)(1), the district court held there was an insufficient factual basis to support Best's guilty plea to the § 924(c)(1) violation charged in Count 24 of the indictment. The district court, therefore, vacated Best's conviction and sentence, and the United States now appeals. Because we find that any deficiency in the factual basis at the time the plea was accepted was harmless error, we reverse the district court's order and remand with instructions to reinstate Best's conviction and sentence.

I.

On February 6, 1990, Best was indicted by a federal grand jury in the United States District Court for the Eastern District of Virginia on numerous substantive counts involving illegal drug trafficking. In Count 1, Best was indicted for conspiracy to distribute crack cocaine and possession of crack cocaine with the intent to distribute from July 1989 to January 30, 1990. See 21 U.S.C.§§ 841(a)(1), 846. Counts 23 and 24 of the indictment charged Best with possession of fifty grams or more of crack cocaine with the intent to distribute, see 21

2

U.S.C. § 841(a)(1), and using and carrying a firearm in connection with the drug trafficking offense in violation of § 924(c)(1), respectively. These counts were based on illegal activity that allegedly occurred on or about October 16, 1989. They stemmed from the October 16 seizure of a safe owned by Best which contained ninety-six grams of crack, a .44 magnum revolver, and other evidence of drug trafficking activity. The safe was seized from the residence of Keena Parker, a friend of Best.

On March 2, 1990, Best pled guilty to Count 1, the conspiracy count, and Count 24, the § 924(c)(1) count stemming from the seizure of Best's safe. Best did not plead guilty to the underlying substantive drug offense (Count 23) to which the § 924(c)(1) count was tied. As part of his plea agreement, Best agreed to cooperate with the government and to testify at the trial of several co-conspirators.

During the entry of the plea, the district court asked Best whether he understood that in Count 24 he was charged with possession of a firearm or carrying a firearm in relation to a drug trafficking offense, to which Best replied, "[y]es." (J.A. 43). The district court then asked, "Do you understand that in regard to this firearm offense [the government] would have to prove that you did in fact carry a firearm . . . [a]nd that it was done in relation to a drug trafficking offense, that you did so knowingly, willfully and intentionally, and did so in the Eastern District of Virginia?" (J.A. 44). Best again replied, "[y]es." Id.

In connection with his plea agreement, Best signed a Statement of Facts, which he told the district court he had reviewed and was correct. The statement contained an admission that "RONALD CLEMENT BEST carried a Ruger-Nighthawk .44 Magnum revolver in connection with [h]is unlawful narcotics activities." (J.A. 34).

On April 9, 1990, Best testified at the trial of his co-conspirators. During the trial, Best testified that he owned the safe seized from Keena Parker's residence and that he kept "[g]uns, bags, [and] coke" in the safe. (J.A. 68). Best testified further that although the safe was heavy, it could be carried from place to place, and he testified that the safe had a lock that could be opened by either combination or key. According to Best, he had both the combination and the key to the safe's lock.

3

Keena Parker also testified at the trial of Best's co-conspirators. Parker testified that Best brought the safe to her house twice, the second time just three days before it was seized by the police.

On May 18, 1990, Best was sentenced to 200 months' imprisonment on Count 1 and a sixty-month consecutive sentence on Count 24. Best's sentence included a downward departure for substantial assistance.

On March 6, 1996, Best filed a pro se motion pursuant to 28 U.S.C. § 2255 attacking his § 924(c)(1) conviction in light of the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995). In response, the government argued that because there was sufficient evidence to support a guilty plea under the "carry" prong of § 924(c)(1), Best's conviction was unaffected by Bailey.

On August 2, 1996, the district court granted Best's motion under § 2255 and vacated Best's conviction for violating § 924(c)(1). In its memorandum opinion, the district court found that there was no evidence in connection with Count 24 of the indictment, which stemmed from the seizure of Best's safe, that Best had actively employed the firearm found in the safe in connection with illegal drug activity. Instead, according to the district court, the only evidence supporting Count 24 was the fact that the firearm was found in the safe with the drugs. Although the district court acknowledged that the Statement of Facts signed by Best included an admission that he had carried a firearm in connection with his unlawful narcotics activities, the district court found that this statement was too vague to support Best's conviction for having used or carried a firearm on October 16. The district court also rejected the government's argument that Best carried the firearm at the time that he carried the safe into Keena Parker's house, stating that there was no evidence that the gun was in the safe at the time it was carried to Parker's house, nor was there any evidence that any drug trafficking took place at that time. Finding an insufficient factual basis to support Best's plea, the district court granted Best's § 2255 motion.

II.

Federal Rule of Criminal Procedure 11(f) requires the district court to ensure that there is a factual basis for a defendant's guilty plea

4

prior to entering a judgment of conviction. See FED. R. CRIM. P. 11(f). We have previously stated that this rule requires that the district court "be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

Although we generally review the adequacy of a guilty plea de novo, Rule 11 violations are reviewed for harmless error. See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995); see also FED. R. CRIM. P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991) ("[A]ny Rule 11 violations should be evaluated under a harmless error standard."). Under this standard of review, we may vacate the conviction entered pursuant to the plea "only if the trial court's violations of Rule 11 affected the defendant's substantial rights." DeFusco, 949 F.2d at 117. In assessing whether the Rule 11 violations affected a defendant's substantial rights, we may consider not only the evidence before the district court at the time the judgment of conviction was entered, but also any evidence subsequently entered into the record, for example, during sentencing. See United States v. Adams, 961 F.2d 505, 512 (5th Cir. 1992) (considering evidence contained in the defendant's presentence report in determining whether Rule 11(f) error was harmless and rejecting argument that review should be limited to evidence before the district court at the Rule 11 hearing).

In this case, Best argues that his conviction for using or carrying a firearm on or about October 16, 1989 in violation of § 924(c)(1) should be vacated because there was an insufficient factual basis to support his conviction at the time the district court accepted his plea. Specifically, Best argues that the factual predicate on which his guilty plea to Count 24 rested--that the police seized his safe in which his firearm, the .44 magnum revolver, and his crack cocaine were located --is insufficient under Bailey to support a conviction for "using" or "carrying" a firearm during a drug trafficking offense.

In Bailey, the Supreme Court held that the mere possession of a firearm in relation to a drug trafficking offense is not sufficient to support a conviction for "use" of a firearm under § 924(c)(1). See Bailey, 116 S. Ct. at 508. Instead, to support a conviction for "using"

5

a firearm under § 924(c)(1), there must be evidence of "an active employment of the firearm by the defendant." See id. at 505. With regard to the "carry" prong of § 924(c)(1), we have held that there must be evidence of "bearing, movement, conveyance, or transportation of the firearm." See Mitchell, 104 F.3d at 653.

In this case, the evidence in the record is clear that Best carried a firearm in relation to the October 16 drug trafficking offense and, therefore, any deficiency in the factual basis for his plea at the time judgment was entered was harmless.* First, we note that the district court specifically asked Best at the Rule 11 hearing whether he understood that to prove that he had violated § 924(c)(1) as charged in Count 24 of the indictment, the government would have to prove that he did, in fact, "carry a firearm . . . [a]nd that it was done in relation to a drug trafficking offense." (J.A. 44). Thus, the district court emphasized the "carry" prong of § 924(c)(1). By responding, "yes," Best was acknowledging that he had carried a firearm in relation to a drug trafficking offense, presumably the October 16 drug trafficking offense about which the district court was inquiring. Second, Best subsequently testified at the trial of his co-conspirators that he kept "[g]uns, bags, [and] coke" in the safe seized on October 16; that the safe could be carried from place to place; and that he kept both the key and the combination to the safe's lock. Therefore, only Best could have placed both the drugs and the firearm in the safe together. Finally, Keena Parker testified that just three days before the October 16 seizure of the safe, Best had brought it to her house. If, as Best testified, the safe contained drugs and guns, then at the time he transported the safe, he also transported a firearm in relation to a drug trafficking offense, thus satisfying the "carry" element of § 924(c)(1). See Mitchell, 104 F.3d at 653. In light of this evidence, any error by the district court in failing to establish a sufficient factual basis for the guilty plea before entering judgment was harmless error, and Best's conviction should not have been vacated.

_____

*Because Best's argument fails on the merits, we assume without deciding that: (1) by pleading guilty, Best did not waive his right to challenge the factual basis supporting his plea; and (2) the Supreme Court's decision in Bailey should be applied retroactively on collateral review.

6

III.

For the foregoing reasons, we reverse the district court's order granting Best's § 2255 motion to vacate his conviction for violating § 924(c) under Count 24 of the indictment and remand with instructions to reinstate Best's conviction and sentence.

REVERSED AND REMANDED

GARBIS, District Judge, dissenting:

In this case, the parties entered into the plea agreement and the district judge conducted the Rule 11 proceeding prior to the Supreme Court's decision in Bailey v. United States, 116 S. Ct. 501 (1995). At the time, all concerned believed that the Defendant could have been convicted under the "use" prong of 18 U.S.C.§ 924(c) based upon proof that on October 16, 1989 his firearm was in a safe together with narcotics possessed for trafficking. On this belief, the Court accepted the Defendant's plea of guilty to the charge of violating § 924(c) on or about October 16, 1989.

There is little doubt that the Defendant was guilty of some violation of § 924(c). It is likely that had the parties foreseen the Bailey decision, the Defendant would have entered into a properly supported plea of guilty to a § 924(c) offense. Nevertheless, I must conclude that he is entitled to avoid the consequences of the plea he did make. With all due respect, I must dissent.

MEMORANDUM

I.

Rule 11(f) of the Federal Rules of Criminal Procedure provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

The district court below, the same court that originally accepted Best's guilty plea, determined that there was no evidence to support

the allegation that Best carried a gun in connection with illegal drug activity on or about October 16, 1989. The court found the general statement that "RONALD CLEMENT BEST carried a Ruger-Nighthawk .44 Magnum revolver in connection with[h]is unlawful narcotics activities" too "vague and insufficient" to provide evidence that Best carried the gun on the day in question.* (J.A. 145). The court rejected the argument that Best "carried" the gun within the meaning of § 924(c) when he carried the safe into the house because "there is no evidence that the gun was in the safe at the time or that any drug trafficking took place at that time." (J.A. 145).

Although the issue was neither briefed nor argued, the majority concludes that any deficiency in the factual basis of the Defendant's plea at the time judgment was entered was harmless error. I cannot agree.

II.

Rule 11(f) was designed to protect a defendant "who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." FED. R. CRIM . P. 11(f) advisory committee's notes (1966). In McCarthy v. United States, 394 U.S. 459 (1969), the Supreme Court established a rule of strict compliance with Rule 11, which required a plea to be set aside if a violation of Rule 11 had occurred. In 1983, the McCarthy holding was modified by the addition of Rule 11(h), which provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." This amendment was enacted primarily in response to the multiple procedural requirements of Rule 11(c) that were introduced in 1975. As the advisory committee explained, "[a]n inevitable consequence of the 1975 amendments was some increase in the risk that a trial judge, in a particular case, might inadvertently deviate to some degree from the procedure which a very literal read-

_____

*This statement was made in the context of a description of a drug conspiracy that continued from "at least July 1989 until January 1990." (J.A. 34). Thus, it is impossible to tell whether it refers to an incident in July (upon which count 6 of the indictment was based), an incident in October, or some other, uncharged event.

8

ing of Rule 11 would appear to require." Rule 11(h) advisory committee notes (1983). The committee warned, however, that "subdivision (h) should <u>not</u> be read as supporting extreme or speculative harmless error claims or as, in effect nullifying important Rule 11 safeguards." <u>Id.</u> (emphasis in original). In the instant case, the majority seeks to rely upon a harmless error analysis to avoid the consequence of the fact, repugnant though it may be, that the record does not provide a basis for finding that the Defendant was guilty of the particular charge to which he pled guilty.

III.

The district court below found that Ronald Best's guilty plea was not supported by sufficient evidence. This is not the "minor and technical violation of Rule 11," <u>id.</u>, envisioned by the authors of the 1983 amendments. Rather, as other Circuits have held, it is a fundamental error of the type addressed by the Supreme Court in <u>McCarthy</u>, and it mandates that the plea be vacated.

In <u>United States v. Goldberg</u>, 862 F.2d 101, 106 (6th Cir. 1988), the Sixth Circuit held that a district court's failure to establish a sufficient factual basis does not constitute harmless error. The court reasoned that "[a]ssuring that there is a sufficient factual basis is intimately related to the question of whether the plea is entered into knowingly," and concluded that "the trial court's failure to inquire or establish a clear factual basis for the crime . . . reduced [the Defendant's] guilty plea to an unknowing plea," <u>Id.</u> at 109. This holding was reaffirmed in <u>United States v. Tunning</u>, 69 F.3d 107 (6th Cir. 1995): "As we stated in <u>Goldberg</u>, an insufficient factual basis can never be harmless error." <u>Id.</u> at 114-15.

The Seventh Circuit reached the same conclusion in <u>United States v. Fountain</u>, 777 F.2d 351, 357 (7th Cir. 1985), and held that "while the exact method of producing a factual basis on the record is subject to a flexible standard of review, the need to have some factual basis will continue to be a rule subject to no exceptions." Similarly, when faced with a guilty plea that was unsupported by a factual basis, the Tenth Circuit vacated the plea, stating that " <u>McCarthy</u> mandates that remedy for this case." <u>See United States v. Keiswetter</u>, 866 F.2d 1301,

9

1302 (10th Cir. 1989) (en banc), <u>modifying as to remedy</u> 860 F.2d 992 (10th cir. 1988).

IV.

In the case at bar, the majority assumes or infers that the safe contained a gun when Best carried the safe to Keena Parker's house. Yet, it is the very absence of this fact which led the district court to vacate Best's conviction.

As the Sixth Circuit stated in <u>Goldberg</u>,"to permit the district court to infer a factual basis in the absence of a record demonstrating the existence of a factual basis would tend to negate the well-established safeguards inherent in the Rule 11(f) mandate." <u>Goldberg</u>, 862 F.2d at 106.

In the case at bar the majority does not simply"permit the district court to infer a factual basis in the absence of a record demonstrating [its] existence," it requires the district court to make such an inference. I cannot agree with the majority.

I respectfully dissent.

10