2010 ND 79

**STATE of North Dakota, Plaintiff and Appellee**

v.

**George Anthony EBERTZ, Defendant and Appellant.**

**No. 20090245.**

Supreme Court of North Dakota.

May 11, 2010.

Tyrone Jay Turner, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee; submitted on brief.

Kent M. Morrow, Bismarck, N.D., for defendant and appellant; submitted on brief.

MARING, Justice.

[¶ 1] George Ebertz appeals from a district court order dismissing the State's motion to revoke his probation and ordering his conviction stands and the file will not be sealed. Ebertz argues the district court committed reversible error by revoking his deferred imposition of sentence. We conclude the district court did not have jurisdiction to order Ebertz's conviction stands and the file will not be sealed, and we reverse that part of the court's order. We remand for entry of judgment dismissing the State's case and sealing the file.

I

[¶ 2] Ebertz pled guilty to one count of possession of drug paraphernalia, a class A misdemeanor, on November 6, 2007. The court deferred imposition of sentence for one year and placed Ebertz on unsupervised probation for one year. The order deferring imposition of sentence said, "61 days after probation ends (if all conditions are met) the guilty plea is withdrawn, the

case dismissed, and the file sealed." As a condition of his probation, Ebertz was required to refrain from violating any municipal, state, or federal laws.

[¶ 3] Ebertz's probation ended on November 6, 2008. On January 8, 2009, the State moved to revoke Ebertz's probation. The State alleged Ebertz violated the terms of his probation when he was convicted of actual physical control in June 2008 and minor in possession in August 2008. During a March 18, 2009, hearing, Ebertz objected to the motion and requested dismissal, arguing the motion was untimely because the time to file a motion to revoke his probation had expired.

[¶ 4] On July 24, 2009, the State moved to dismiss its motion to revoke probation, conceding its motion was untimely, but requested Ebertz's guilty plea remain on the record, the case not be dismissed, and the file remain unsealed. The State also provided evidence of Ebertz's two convictions during his probation period. On July 30, 2009, the district court dismissed the State's motion to revoke probation, but the court found Ebertz did not comply with all of the conditions of his probation and ordered his "conviction stands and the file shall not be sealed."

## II

[¶ 5] Ebertz argues the district court erred in revoking his deferred imposition of sentence. He contends that once the State's authority to file a motion to revoke his probation expired, the district court lacked authority to revoke his deferred imposition of sentence.

[¶ 6] Under N.D.C.C. § 12.1–32–02(4), a court may defer imposition of a sentence and place a defendant on probation during the deferment period. The State may petition to revoke a defendant's probation during the probation period or within sixty days of the expiration or termination of probation. N.D.C.C. § 12.1–32–07(7). Under N.D.C.C. § 12.1–32–07.1:

Whenever a person has been placed on probation pursuant to subsection 4 of section 12.1–32–02, the court at any time, when the ends of justice will be served, and when reformation of the probationer warrants, may terminate the period of probation and discharge the person so held. . . . Every defendant who has fulfilled the conditions of probation for the entire period, or who has been discharged from probation prior to termination of the probation period, may at any time be permitted in the discretion of the court to withdraw the defendant's plea of guilty. The court may in its discretion set aside the verdict of guilty. In either case, the court may dismiss the information or indictment against the defendant.

[¶ 7] Rule 32.1, N.D.R.Crim.P., sets out the requirements for orders deferring the imposition of a sentence for an infraction or a misdemeanor, and provides:

Unless the court orders otherwise, an order deferring imposition of sentence for an infraction or a misdemeanor must require that:

(a) the defendant's guilty plea be withdrawn, or the guilty verdict be set aside;

(b) the case be dismissed; and

(c) the file be sealed 61 days after expiration or termination of probation.

[¶ 8] The interpretation of a court rule, like the interpretation of a statute, is a question of law. *Carlson v. Workforce Safety & Ins.*, 2009 ND 87, ¶ 22, 765 N.W.2d 691. When we interpret a rule or a statute, we apply the rules of statutory construction and look at the language of the rule or statute to determine its meaning. *State v. Ferrie*, 2008 ND 170, ¶ 8, 755 N.W.2d 890. We give words their plain,

ordinary, and commonly understood meaning and construe the statute or rule as a whole. *Id.*

[¶ 9] Section 12.1-32-07.1, N.D.C.C., gives a court the authority to dismiss a case when a deferred imposition of sentence has been ordered and the defendant has fulfilled the conditions of probation or has been discharged from probation. Under the plain language of the statute, the court has discretion to allow a defendant to withdraw a guilty plea at any time after the conditions of his probation have been fulfilled or after his probation has been discharged. The withdrawal of the plea and dismissal of the case are not automatic under the terms of the statute, and the court has discretion in deciding whether to allow a defendant to withdraw his plea.

■ [¶ 10] However, N.D.R.Crim.P. 32.1 provides that an order deferring imposition of a sentence for an infraction or a misdemeanor must require that the plea will be withdrawn and the case automatically dismissed sixty-one days after probation is terminated or expires, unless the court finds the conditions of probation have not been fulfilled and orders the case not be dismissed. The purpose of the rule is to provide uniformity in processing deferred impositions of sentence and to prevent disparity in defendants' treatment depending on the county of venue in cases of misdemeanors or infractions. N.D.R.Crim.P. 32.1, explanatory note. *See also Minutes of the Joint Procedure Comm.* 14 (Jan. 29-30, 1998). The Joint Procedure Committee recommended the Supreme Court adopt the rule to simplify the process because under the rule neither the district court clerk or the defendant would be required to do anything for dismissal, dismissal would be automatic on the sixty-first day, and "if a judge finds out about violations two months after the dismissal, the judge is prohibited from going

back and undoing the dismissal." *Minutes of the Joint Procedure Comm.* 14-15 (Jan. 29-30, 1998). Under the rule, the withdrawal of the plea and dismissal of the case is automatic sixty-one days after probation is terminated. *See id.* at 14-15 (Jan. 29-30, 1998). The sixty-one day time limitation is jurisdictional and cannot be modified by the district court. *See id.* at 14-17. *Cf. State v. Hanson,* 452 N.W.2d 329 (N.D.1990) (120 day time limitation in N.D.R.Crim.P. 35(b) is jurisdictional); *State v. Simek,* 502 N.W.2d 545 (N.D.1993) (the time requirement in N.D.R.Crim.P. 33 is jurisdictional).

■ [¶ 11] Under N.D. Const. art. VI, § 3, this Court has the authority to promulgate the rules of procedure to be followed by all the courts of this state. We have explained the interplay between statutory procedures and rules promulgated by this Court, and we have said, " '[t]hat we possess the rule-making power does not imply that we will never recognize a statutory rule. We will recognize "statutory arrangements which seem reasonable and workable" and which supplement the rules we have promulgated....' " *City of Fargo v. Ruether,* 490 N.W.2d 481, 483 (N.D.1992) (quoting *State v. Vetsch,* 368 N.W.2d 547, 552 (N.D.1985)). We have also said N.D. Const. art. VI, § 3 " 'places "final authority over procedural rules" with our [C]ourt. Although statutorily-enacted rules of procedure which supplement the rules we have promulgated may remain in effect until superseded or amended by this [C]ourt ..., Article VI, Section 3, mandates that a court-promulgated procedural rule prevails in a conflict with a legislatively-enacted rule of procedure.' " *Ruether,* at 483 (quoting *City of Fargo v. Dawson,* 466 N.W.2d 584, 586 n. 1 (N.D.1991)) (citations omitted). In construing a procedural rule and a statute we will harmonize them whenever possible

and the procedural statute will supplement our procedural rule. *See Ruether,* at 483; *Traynor v. Leclerc,* 1997 ND 47, ¶ 8, 561 N.W.2d 644.

[¶ 12] In this case, the rule and the statute can be harmonized. Section 12.1–32–07.1, N.D.C.C., provides the general procedure for dismissal of a case after the completion or termination of probation in all cases where a deferred imposition of sentence has been ordered, and N.D.R.Crim.P. 32.1 sets out the specific procedure in cases of deferred imposition of sentence for misdemeanors and infractions and places time limits and makes dismissal automatic. The statute applies to all cases where a deferred imposition of sentence has been ordered, and the rule encompasses the statute's procedure and provides specific procedure for cases of deferred imposition of sentence for misdemeanors and infractions. The court must follow the procedures set out in N.D.R.Crim.P. 32.1 when a deferred imposition of sentence has been ordered in misdemeanor and infraction cases. Under the requirements of N.D.R.Crim.P. 32.1, a case is automatically dismissed sixty-one days after a defendant's probation has ended, unless the court has ordered otherwise before that date. The court does not have jurisdiction to order a case not be dismissed after the case has been dismissed under N.D.R.Crim.P. 32.1 and the file sealed.

[¶ 13] Here, Ebertz plead guilty to possession of drug paraphernalia, a class A misdemeanor. The district court's order provided "[i]mposition of the sentence is deferred, and 61 days after probation ends (if all conditions are met) the guilty plea is withdrawn, the case dismissed, and the file sealed." The order complies with the requirements of N.D.R.Crim.P. 32.1. Ebertz's probation expired on November 6, 2008. The State did not move to revoke Ebertz's probation until January 8, 2009, which was more than sixty days after his probation had expired. The case was automatically dismissed sixty-one days after Ebertz's probation ended because the State's motion to revoke probation was not filed and the court did not order otherwise before the dismissal. Furthermore, the court did not have evidence of Ebertz's probation violations until the State filed its motion to dismiss on July 24, 2009, which was more than sixty-one days after Ebertz's probation expired.

[¶ 14] Ebertz's case was automatically dismissed sixty-one days after his probation expired. We conclude the district court did not have jurisdiction to find Ebertz had not met all of the conditions of his probation and order his conviction would stand and the file would not be sealed. We reverse and remand for entry of judgment dismissing Ebertz's case.

### III

[¶ 15] We conclude the district court did not have jurisdiction to order Ebertz's conviction stands and the file will not be sealed. We reverse that part of the court's order and remand for entry of judgment dismissing the State's action against Ebertz and sealing the file.

[¶ 16] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.