2012 ND 159

**Kyle Taft MACKEY, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20120119.

Supreme Court of North Dakota.

July 26, 2012.

Kyle Taft Mackey, self-represented, Jamestown, ND, petitioner and appellant; on brief.

Ryan M. Norell, State's Attorney, La-Moure, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1]   Kyle T. Mackey appeals from the trial court's order for amended judgment and amended judgment denying and dismissing his application for post-conviction relief.   We affirm.

I

[¶ 2]   In April 2010, Mackey pled guilty to one count of gross sexual imposition ("GSI") and another count of GSI was diverted for the duration of Mackey's imprisonment and probation.   On August 10, 2010, the trial court sentenced Mackey to thirty years in prison. The court ordered Mackey to serve eight years and suspended the remaining twenty-two years for five years.   On September 9, 2010, Mackey appealed from the criminal judgment.   On January 28, 2011, while the appeal was pending, Mackey moved to withdraw his guilty plea, arguing the sentence did not conform to the plea agreement and alleging the sentence was illegal.   The trial court amended Mackey's sentence, reducing it to fifteen years, and Mackey filed a second appeal from the court's order. This Court affirmed the trial court's order amending his sentence and denying his motion to withdraw his guilty plea.   *State v. Mackey*, 2011 ND 203, 805 N.W.2d 98.

[¶ 3]   Mackey filed an application for post-conviction relief on December 15, 2011.   In his application, Mackey again sought to withdraw his guilty plea, claiming he lacked an understanding of the law in relation to the facts of his case and his plea was not voluntary.   The State responded, requesting dismissal and arguing Mackey's attempt to withdraw his guilty plea was barred on the grounds of misuse of process.   The trial court granted the State's request and entered judgment dismissing Mackey's petition for post-conviction relief on January 10, 2012.

[¶ 4]   Following the dismissal of his application, Mackey moved the trial court to reconsider his application.   Mackey continued to claim he did not understand the factual basis surrounding his guilty plea and, for the first time, alleged he received ineffective assistance of counsel at the time of his plea of guilty and on appeal.   The court treated Mackey's motion to reconsider as an amendment to his original application for post-conviction relief, and the

State responded, again requesting the court to dismiss Mackey's application. The State argued issues related to Mackey's guilty plea constituted misuse of process and further argued Mackey failed to raise any genuine issues of material fact with regard to his ineffective assistance of counsel claims. The trial court granted the State's motion and dismissed Mackey's application for post-conviction relief. Mackey appealed.

## II

[¶ 5] "'Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure.'" *Delvo v. State*, 2010 ND 78, ¶ 10, 782 N.W.2d 72 (quoting *Clark v. State*, 2008 ND 234, ¶ 11, 758 N.W.2d 900). The Court reviews the summary dismissal of an application for post-conviction relief in the same manner as an appeal from summary judgment. *Id.* Under N.D.C.C. § 29-32.1-09(1), a court may grant a motion for summary disposition if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." "'The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.'" *Parizek v. State*, 2006 ND 61, ¶ 4, 711 N.W.2d 178 (quoting *Berlin v. State*, 2005 ND 110, ¶ 6, 698 N.W.2d 266). A genuine issue of material fact exists when reasonable minds could draw different inferences and conclusions from the undisputed facts. *Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568. The movant initially may satisfy his burden of showing there is no genuine issue of material fact by demonstrating an absence of evidence supporting the petitioner's application. *Parizek*, 2006 ND 61, ¶ 7, 711 N.W.2d 178. At this point, the petitioner is "put on his proof," and the petitioner may no longer rely on unsupported allegations but must produce some competent, admissible evidence to show the presence of an issue of material fact. *Ude v. State*, 2009 ND 71, ¶ 8, 764 N.W.2d 419. Claims of ineffective assistance of counsel are often unsuited to summary disposition, but this Court has "upheld summary denials of post-conviction relief when the applicants were put to their proof, and summary disposition occurred after the applicants then failed to provide some evidentiary support for their allegations." *Steinbach v. State*, 2003 ND 46, ¶ 15, 658 N.W.2d 355.

## III

[¶ 6] Mackey argues the trial court erred by failing to conclude he received ineffective assistance of counsel. In *Murchison v. State*, this Court explained the requirements a defendant must meet for an ineffective assistance of counsel claim to succeed:

"[A] defendant has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. Effectiveness of counsel is measured by an objective standard of reasonableness considering prevailing professional norms. To prevail on an ineffective assistance of counsel claim, the defendant must first overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight. To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result. A reasonable probability is a probability sufficient to undermine confidence in the outcome...."

2011 ND 126, ¶ 8, 799 N.W.2d 360 (quoting *State v. Myers*, 2009 ND 141, ¶¶ 14–15, 770 N.W.2d 713); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[¶ 7] Mackey's ineffective assistance of counsel claim is essentially a collateral attack on the manner in which the factual basis of his guilty plea was established and whether the factual basis was sufficient. In order to determine whether there is a genuine issue of material fact as to the effectiveness of Mackey's counsel's representation and, if Mackey's counsel's representation was ineffective, whether Mackey was prejudiced by such ineffective representation, we must first determine whether the factual basis for Mackey's guilty plea was established.

## A

[¶ 8] Mackey claims N.D.R.Crim.P. 11 requires the court to address him personally and, because his counsel acknowledged the existence of a factual basis for the guilty plea on Mackey's behalf, that his appellate counsel was ineffective for failing to raise this issue in Mackey's first motion to withdraw his guilty plea and with this Court on his first appeal.

[¶ 9] Interpretation of a court rule is a question of law. *State v. Ebertz*, 2010 ND 79, ¶ 8, 782 N.W.2d 350. When interpreting a rule, "we apply the rules of statutory construction and look at the language of the rule or statute to determine its meaning." *Id.* During Mackey's April 14, 2010, plea hearing, the court asked Mackey's attorney, "do you acknowledge that there's a factual basis for this plea of guilty?" and Mackey's attorney responded, "I would acknowledge and so stipulate." Rule 11(b)(3), N.D.R.Crim.P., states, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." However, Rule 11(b)(3) includes no requirement that the court must directly address the defendant. This is in contrast to Rule 11(b)(1), which states that "[t]he court may not accept a plea of guilty without first, by addressing the defendant personally ... in open court," making sure the defendant understands the procedural rights afforded him by the United States and North Dakota Constitutions. Further, in *State v. Hagemann*, this Court rejected the defendant's contention that "substantial compliance with Rule 11(e), N.D.R.Crim.P., did not exist because the district court did not specifically inquire of the defendant as to the factual basis...." 326 N.W.2d 861, 870 (N.D.1982).[1] Rule 11, N.D.R.Crim.P., is similar to Federal Rule of Criminal Procedure 11. We have said "we are guided by and give deference to Federal case law" interpreting the federal rule when we construe our rule. *Gruebele v. Gruebele*, 338 N.W.2d 805, 811 n. 5 (N.D.1983). Federal courts interpreting the federal rules have reached the same conclusion. *See United States v. King*, 604 F.2d 411, 414 (5th Cir.1979) (holding that "[t]o the extent that

---

1. In 1982, when *State v. Hagemann* was decided, Rule 11(e), N.D.R.Crim.P., dealt with the factual basis of guilty pleas. Rule 11(e) stated, "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment or dispositional order upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." *Hagemann*, 326 N.W.2d at 868–69. When Rule 11, N.D.R.Crim.P., was amended on March 1, 2006, the requirement of establishing a factual basis was moved from subsection (e) to subsection (b)(3).

the district court did not address the defendant personally on the question of a factual basis for the pleas there was no violation of Rule 11" and that "[a]s long as the factual basis is developed on the record, it may come from several sources"); *Davis v. United States*, 470 F.2d 1128, 1129 n. 2 (3rd Cir.1972) (stating that "[i]n satisfying itself that there exists a factual basis for a plea, it is not necessary that the defendant personally be asked any questions" and that "[t]he court can satisfy itself as to the factual basis of the plea from any source"). The trial court did not err by not directly questioning Mackey regarding the factual basis for his guilty plea.

### B

[¶ 10] While Mackey does not argue the factual basis for his guilty plea was not established in any manner, because the "lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea[,]" the adequacy of the factual basis for Mackey's guilty plea must be addressed. *United States v. Adams*, 448 F.3d 492, 502 (2nd Cir.2006) (" 'Such defects are not technical, but are so fundamental as to cast serious doubt on the voluntariness of the plea,' . . . and require reversal and remand so that the defendant may plea anew or stand trial.") (quoting *Godwin v. United States*, 687 F.2d 585, 591 (2nd Cir.1982)); *United States v. McCreary–Redd*, 475 F.3d 718, 726 (6th Cir.2007) (concluding "the district court's failure to establish a factual basis . . . affected [the defendant's] substantial rights"); *Carreon v. United States*, 578 F.2d 176, 179 (7th Cir.1978) (stated that "[w]hen the factual-basis requirement is not satisfied . . . the question of voluntariness is left open" and " 'if a defendant's

guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void' ") (quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)).

[¶ 11] " 'When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. 11(d).' " *Eaton v. State*, 2011 ND 35, ¶ 5, 793 N.W.2d 790 (quoting *Patten v. State*, 2008 ND 29, ¶ 14, 745 N.W.2d 626).

The standard for a plea withdrawal differs depending upon when the motion to withdraw the guilty plea is made. . . . When a court has accepted a plea and imposed sentence, the defendant cannot withdraw the plea unless withdrawal is necessary to correct a manifest injustice. The decision whether a manifest injustice exists for withdrawal of a guilty plea lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion. An abuse of discretion under N.D.R.Crim.P. [11(d) ] occurs when the court's legal discretion is not exercised in the interest of justice.[2]

*State v. Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595 (citations omitted). In the context of a motion to withdraw a guilty plea, a court abuses its discretion if it does not allow a defendant to withdraw a guilty plea when the court has erred by failing to establish a sufficient factual basis for the defendant's guilty plea. *See, e.g., Kaiser v. State*, 417 N.W.2d 175, 179 (N.D.1987). However, whether a factual basis is sufficient to support a defendant's guilty plea is a question of law, and "[q]uestions of law are fully reviewable on appeal in post-

---

**2.** "A new subdivision (d) on plea withdrawal was transferred to Rule 11 from Rule 32 effective March 1, 2010." N.D.R.Crim.P. 11, Explanatory Note.

conviction proceedings." *Eaton*, 2011 ND 35, ¶ 7, 793 N.W.2d 790.

[¶ 12] Establishing a factual basis ensures a "defendant is guilty of the crime charged." *Bates*, 2007 ND 15, ¶ 8, 726 N.W.2d 595. "The ideal means to establish the factual basis for a guilty plea is for the district court to ask the defendant to state, in the defendant's own words, what the defendant did that he believes constitutes the crime to which he is pleading guilty." *United States v. Tunning*, 69 F.3d 107, 112 (6th Cir.1995). "This 'ideal' method is by no means the only method, however." *Id.* Our Court has identified three ways in which a factual basis may be determined:

> "First, the court could inquire directly of the defendant concerning the performance of the acts which constituted the crime. Secondly, the court could allow the defendant to describe to the court in his own words what had occurred and then the court could question the defendant. Thirdly, the court could have the prosecutor make an offer of proof concerning the factual basis for the charge."

*Bates*, 2007 ND 15, ¶ 8, 726 N.W.2d 595 (quoting *Kaiser*, 417 N.W.2d at 178). Ultimately though, in order to establish a sufficient factual basis "[a]n inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case." Fed.R.Crim.P. 11, Advisory Committee Notes (1974 Amends.)

[¶ 13] In addition to questioning the parties, a trial court " 'may conclude that a factual basis exists from anything that appears on the record.' " *United States v. Mastrapa*, 509 F.3d 652, 660 (4th Cir.2007) (quoting *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir.1991)); *see also United States v. Trejo*, 610 F.3d 308, 317 (5th Cir.2010) (explaining the entire record may be examined including "the facts gleaned from the plea agreement and plea colloquy, the factual findings relied upon in the presentence report ('PSR'), as well as 'fairly drawn' inferences from the evidence presented both post-plea and at the sentencing hearing"). Relying on the contents of the entire record for finding a factual basis is consistent with the language of N.D.R.Crim.P. 11(b)(3), which merely requires that a factual basis be established "[b]efore entering judgment on a guilty plea." *See United States v. Martinez*, 277 F.3d 517, 522 n. 4 (4th Cir.2002) (explaining that "[b]ecause judgment is not entered until after sentencing, a court may defer the finding of a factual basis for the plea until that time"); *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008) (stating that "[w]hen determining whether there is a factual basis for a guilty plea, inferences may be 'fairly drawn' from the evidence adduced after the acceptance of a guilty plea but before or at sentencing"). *Contra, Adams*, 448 F.3d at 500 (stating that "a sufficient factual basis must be determined at the time the plea is accepted" and that "an after-the-fact hearing will not suffice").

[¶ 14] Mackey was charged under N.D.C.C. §§ 12.1–20–03(1)(d) and (3)(a). Under N.D.C.C. § 12.1–20–03(1)(d), "[a] person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if: ... [t]he victim is less than fifteen years old"; and N.D.C.C. § 12.1–20–03(3)(a) explains, "[a]n offense under this section is a class AA felony if in the course of the offense ... the actor's conduct violates subdivision d of subsection 1 and the actor was at least twenty-two years of age at the time of the offense."

[¶ 15] After reviewing the record, the available evidence is sufficient to have allowed the trial court to establish a

valid factual basis for Mackey's guilty plea. The criminal information alleged Mackey engaged in multiple sexual acts with the victim while he was at least twenty-two years of age and the victim was less than fifteen years of age. Testimony at Mackey's sentencing hearing also supports the finding of a valid factual basis for Mackey's guilty plea. At the sentencing hearing, there was testimony that the victim and Mackey engaged in sexual contact on at least three separate occasions. Further, the transcript from the sentencing hearing also indicates Mackey was twenty-two years old and the victim was fourteen years old when the incidents of sexual contact occurred. These facts were all established.

[¶ 16] In the present case, none of the three typical means for establishing a factual basis were utilized. While these "ideal means" are certainly preferred, the trial court did not err by failing to utilize such processes. Between the testimony of the facts underlying Mackey's GSI offense during the sentencing hearing and the factual allegations contained in the criminal information, a sufficient factual basis for Mackey's guilty plea was established.

### C

[¶ 17] The trial court did not err by not directly questioning Mackey regarding the factual basis for his guilty plea or by establishing a valid factual basis by relying on the entire record. The fact that Mackey's counsel did not object to either of these practices does not support Mackey's counsel's representation fell below an objective standard of reasonableness. Further, even if Mackey's counsel would have objected to either of these practices, such objections would not have demonstrated Mackey was prejudiced. Because the court did not err by employing these practices, the result of the proceeding would not have been different. Mackey has failed to raise a genuine issue of material fact with respect to his ineffective assistance of counsel claim.

### IV

[¶ 18] Mackey's remaining arguments are not meritorious, and we decline to address them on appeal. We affirm the trial court's amended judgment dated February 10, 2012, dismissing Mackey's application for post-conviction relief.

[¶ 19] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.