# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND173

State of North Dakota,                                    Plaintiff and Appellee

v.

Matthew Jeffrey Overholt,                              Defendant and Appellant

No. 20190033

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Thomas R. Olson, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Derek K. Steiner (argued), Assistant State's Attorney, Ryan J. Younggren (on brief), and Nicholas S. Samuelson (on brief), third-year law student, under the Rule on Limited Practice of Law by Law Students, Fargo, ND, for plaintiff and appellee.

Will R. Budke, Wahpeton, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]    Matthew Overholt appeals from a district court order modifying its order deferring imposition of sentence.  We reverse because the district court erred in relying on a second case that had been automatically dismissed to modify its order in this case, and because the State presented no other evidence supporting its motion.


I

[¶2]    In November 2017 Overholt was charged with misdemeanor minor in possession or consumption of alcohol.  In December 2017 he pled guilty.  The district court entered an order deferring imposition of sentence and placed him on unsupervised probation with an end date of November 30, 2018, and with the condition that he violate no criminal laws during the probation term.  The court further ordered that sixty-one days after termination of his unsupervised probation, Overholt's guilty plea would be withdrawn, the case dismissed, and the file sealed.

[¶3]    In April 2018 Overholt was charged with a second misdemeanor minor in possession or consumption of alcohol.  In May 2018 he pled guilty in the second case, and the court entered an order deferring imposition of sentence, and placed him on unsupervised probation for three months.   Overholt completed the term of unsupervised probation in the second case.  Under the order deferring imposition of sentence in that case, on October 13, 2018, his guilty plea was withdrawn, the case dismissed, and the file was to have been sealed.

[¶4]    In December 2018 the State moved the district court to modify the order deferring imposition of sentence in this case on the basis of his offense and guilty plea in the second case.  The State requested Overholt's guilty plea in this case not be withdrawn, the case not be dismissed, and the file not be sealed.  On December 31, 2018, the court granted the State's motion.

II

[¶5]    At the outset, the State asserts the order is not appealable.  The State argues the district court's order modifying its order deferring the imposition of sentence does not fall within any of the subsections of N.D.C.C. § 29-28-06.  The State contends the order does not affect "substantial rights" under N.D.C.C. § 29-28-06(5) because the conditional nature of a deferred imposition of sentence "suggests" a post-probation withdrawal of a guilty plea, dismissal, and sealing are not rights.  The State argues that without a judgment of conviction or other final order under N.D.C.C. § 29-28-06, this Court is without jurisdiction.

[¶6]    Overholt argues the order is appealable because an order complying with N.D.R.Crim.P. 32(b) serves as a judgment of conviction for purposes of appeal.  *See State v. Berger*, 2004 ND 151, ¶ 8, 683 N.W.2d 897; *see also* N.D.R.Crim.P. 32(b) ("A judgment of conviction must include the plea, the verdict, and the sentence imposed.").  He also contends the order affects his "substantial rights" under N.D.C.C. § 29-28-06(5), as does an order revoking a suspended sentence which is appealable.  *See State v. Lesmeister*, 288 N.W.2d 57, 59-60 (N.D. 1980).

[¶7]    We have jurisdiction in this case because the appealed order modifying the order deferring imposition of sentence maintains Overholt's guilty plea, imposes sentence, and constitutes a judgment of conviction under N.D.R.Crim.P. 32(b).  *See also State v. Vollrath*, 2018 ND 269, ¶ 5, 920 N.W.2d 746; *State v. Kottenbroch*, 319 N.W.2d 465, 471-72 n.3 (N.D. 1982).  Moreover, the appealed order affects "substantial rights" under N.D.C.C. § 29-28-06(5).  *See also* N.D.R.Crim.P. 32.1, Explanatory Note ("An order deferring imposition of sentence is not a judgment.  However, for purpose of appeal, an order deferring imposition of sentence is equivalent to a judgment under N.D.R.Crim.P. 32(b).").

III

[¶8]    Overholt argues the district court erred in relying on the dismissed second case to modify its order deferring imposition of sentence in this case because his guilty

2

plea in the second case was withdrawn, the case dismissed, and the file should have been sealed.

[¶9] Several statutes provide guidance in this case. Section 12.1-32-02(4), N.D.C.C., states:

> "A court, upon application or its own motion, may defer imposition of sentence. The court must place the defendant on probation during the period of deferment. An order deferring imposition of sentence is reviewable upon appeal from a verdict or judgment. In any subsequent prosecution, for any other offense, *the prior conviction for which imposition of sentence is deferred may be pleaded and proved*, and has the same effect as if probation had not been granted or the information or indictment dismissed under section 12.1-32-07.1."

(Emphasis added.) Section 12.1-32-07.1(2), N.D.C.C., addressing probation termination, states in relevant part:

> "Whenever a person has been placed on probation pursuant to subsection 4 of section 12.1-32-02, the court at any time, when the ends of justice will be served, and when reformation of the probationer warrants, may terminate the period of probation and discharge the person so held. . . . *Every defendant who has fulfilled the conditions of probation for the entire period*, or who has been discharged from probation prior to termination of the probation period, *may at any time be permitted in the discretion of the court to withdraw the defendant's plea of guilty.* The court may in its discretion set aside the verdict of guilty. *In either case, the court may dismiss the information or indictment against the defendant.* The court may, upon its own motion or upon application by the defendant and before dismissing the information or indictment, reduce to a misdemeanor a felony conviction for which the plea of guilty has been withdrawn or set aside. *The defendant must then be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted except as provided by sections 12.1-32-15 and 62.1-02-01.*"

(Emphasis added.) Section 12.1-32-07.2(2), N.D.C.C., governing records and filing of papers, states:

> "Whenever imposition of sentence is deferred and, pursuant to section 12.1-32-07.1, the plea of guilty is withdrawn by the defendant or the verdict of guilty is set aside by the court, the clerk of court shall file all papers, including the findings and final orders in proceedings under section 12.1-32-07.1, and shall note the date of filing on the papers. *The records and papers are subject to examination* by the clerk, *a judge*

3

*of the court*, the juvenile commissioner, probation officers, *the defendant or defendant's counsel, and the state's attorney.* Others may examine the records and papers only upon the written order of a judge of the court."

(Emphasis added.) Additionally, before March 1, 2019, N.D.R.Crim.P. 32.1 provided:

"An order deferring imposition of sentence for an infraction or a misdemeanor must require that 61 days after expiration or termination of probation:
        (a) the defendant's guilty plea be withdrawn, or the guilty verdict be set aside;
        (b) the case be dismissed; and
        (c) the file be sealed.
The court may, by order, modify an order deferring imposition of sentence no later than 60 days after expiration or termination of probation."

[¶10] Overholt argues that under N.D.R.Crim.P. 32.1 his guilty plea in the second case was automatically withdrawn, the case was dismissed, and the file should have been sealed sixty-one days after the expiration or termination of probation. He asserts that on August 13, 2018, he successfully completed his unsupervised probation in the second case, and the State did not move to modify the order in the second case before October 13, 2018, sixty-one days after his probation expired. He argues the district court erred in relying on the second case to modify its order deferring imposition of sentence in the first case because the State's motion to modify was relying on a guilty plea that did not exist. He also asserts it is obvious error that the file remained accessible to be pled as a prior conviction in this matter.

[¶11] "Under the requirements of N.D.R.Crim.P. 32.1, a case is automatically dismissed sixty-one days after a defendant's probation has ended, unless the court has ordered otherwise before that date." *State v. Ebertz*, 2010 ND 79, ¶ 12, 782 N.W.2d 350. "The court does not have jurisdiction to order a case not be dismissed after the case has been dismissed under N.D.R.Crim.P. 32.1 and the file sealed." *Ebertz*, at ¶ 12. This Court held the district court did not have jurisdiction to find Ebertz violated his probation conditions, order his conviction would stand, and

hold the file would not be sealed because the case was automatically dismissed sixty-one days after probation expired. *Ebertz*, at ¶¶ 13-14.

[¶12] Here, while the State's motion to modify the order deferring imposition of sentence was filed within sixty days after expiration of Overholt's probation, the second case, which formed the sole basis for the State's December 2018 motion to modify the order, already had been automatically dismissed almost two months earlier. There is no dispute Overholt's guilty plea in the second case was withdrawn, the case was dismissed, and the file was sealed automatically because no action was taken within sixty days after probation expired. The only basis for the State's motion to modify was Overholt's guilty plea in the second case. But, by then, Overholt's guilty plea had been withdrawn and the second case dismissed. At that point, the mere existence of the second case could not form the evidentiary basis to modify the order in this case.

[¶13] The State asserts under N.D.C.C. § 12.1-32-02(4), it may plead and prove the second case in its motion to modify the order deferring imposition of sentence in this case. However, no factual showing or other evidence supported the State's December 2018 motion to modify the order. The motion merely referenced the second case's criminal file number and the dates of the offense and the guilty plea.

[¶14] Generally, when a district court defers imposition of sentence, a defendant is placed on probation, subject to the terms and conditions the court imposes, and the court retains jurisdiction over the defendant for purposes of revoking probation and passing sentence at some future date. *See State v. Hess*, 264 N.W.2d 464, 466-67 (N.D. 1978). Rule 32(f), N.D.R.Crim.P., provides procedures that must be followed for probation revocation in cases in which the court has retained jurisdiction over the defendant-probationer. *See Hess*, at 467. When a probationer contests an alleged violation, "the prosecution must establish the violation by a preponderance of the evidence." N.D.R.Civ.P. 32(f)(B). After a hearing, "the court may: (i) revoke an order suspending the sentence or an order suspending the imposition of sentence; or (ii) continue probation on the same or different conditions." *Id.* In this case,

5

Overholt's guilty plea in the second case had been withdrawn and the case automatically dismissed by the time of the State's motion. Some factual basis was necessary to prove Overholt violated his probation conditions.

[¶15] The district court erred in modifying its order deferring imposition of sentence because the court exclusively relied on a second case that had been dismissed, and the State presented no evidence to support its motion. The court's order modifying its order deferring imposition of sentence in this case is reversed.

IV

[¶16] The district court order is reversed.

[¶17] Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Jerod E. Tufte
Gerald W. VandeWalle, C.J.

**Tufte, Justice, concurring specially.**

[¶18]   I agree with and have signed the majority opinion.

[¶19]   As the majority explains, after withdrawal of Overholt's plea and dismissal of the order deferring imposition of sentence, a bare reference to the court file containing the dismissed charge is an insufficient basis to establish a probation violation and set aside a deferred imposition of sentence. The statute speaks of a prior conviction subject to deferred imposition of sentence in the present tense: "the prior conviction for which imposition of sentence *is deferred* may be pleaded and proved." N.D.C.C. § 12.1-32-02(4) (emphasis added). I conclude that only while the sentence "is deferred"—during the term of probation—may the court record of conviction be pleaded and proved. But that would not foreclose pleading and proving the conduct leading to the since-dismissed conviction for which sentence was deferred. Probation revocation need not await criminal conviction on new charges. "When there is a reason to believe that a probationer or parolee has committed a crime in violation of a probation or parole condition, the authorities usually have the discretion to pursue either a revocation or new criminal charges, or both." *State v. Olson*, 2003 ND 23, ¶ 8 n.2, 656 N.W.2d 650 (quoting 2 Neil P. Cohen, *The Law of Probation and Parole* § 22:6 (2d ed. 1999)).

[¶20]   Jerod E. Tufte
        Gerald W. VandeWalle, C.J.