IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 65

State of North Dakota,                                    Plaintiff and Appellee

v.

Cody Lee Littleghost,                                    Defendant and Appellant

Nos. 20240186 & 20240187

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

REVERSED IN PART AND AFFIRMED IN PART.

Opinion of the Court by Crothers, Justice.

Nicholas S. Samuelson (argued) and Brianna K. Kraft (on brief), Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Cody Lee Littleghost appeals from the district court's order denying his motions to suppress evidence and accepting his guilty pleas. We reverse in part and affirm in part.

I

[¶2]   In February 2023, Littleghost was arrested on an outstanding warrant and spit on two officers while being detained. He was charged with two counts of contact by bodily fluid and one count of attempted contact by bodily fluid. *See* file no. 09-2023-CR00951. The count of attempted contact by bodily fluid was dismissed following a preliminary hearing. In June 2023, officers responded to a shoplifting call and found Littleghost nearby. Littleghost matched the description of the suspect. He was arrested when he failed to stop as directed by an officer. During the arrest, he spit on an officer. He was charged with failure to halt and contact by bodily fluids. *See* file no. 09-2023-CR-02614.

[¶3]   Littleghost moved to suppress statements made to police in both cases, claiming he was not properly *Mirandized.* The motions were denied after a hearing. Littleghost subsequently pleaded guilty to all counts of contact by bodily fluids, reserving the right to appeal the motions to suppress. The district court accepted Littleghost's guilty pleas. Littleghost timely appealed.

II

[¶4]  Littleghost argues the district court violated N.D.R.Crim.P. 11 by accepting his guilty plea for the February contact by bodily fluids charges without receiving an adequate factual basis. He does not challenge the adequacy of his plea to the June charges.

A

[¶5]   Littleghost did not object to the adequacy of the factual basis when the court accepted his plea to the February charge. He therefore did not preserve the issue for appeal and we only review for obvious error. N.D.R.Crim.P. 52(b). To establish obvious error, the appellant must show: "(1) error, (2) that is plain, and (3) the error affects substantial rights." *State v. Miller*, 2001 ND 132, ¶ 25, 631 N.W.2d 587. "To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law. There is no obvious error when an applicable rule of law is not clearly established." *State v. Pemberton*, 2019 ND 157, ¶ 8, 930 N.W.2d 125 (quoting *State v. Tresenriter,* 2012 ND 240, ¶ 12, 823 N.W.2d 774).

[¶6]   Rule 11(b)(3), N.D.R.Crim.P., provides, "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." As explained in the Explanatory Note to Rule 11, "Paragraph (b)(3) requires that the court not enter judgment on a plea of guilty *without making an inquiry* to ensure that there is a factual basis for the plea." (Emphasis added.) "Rule 11 provisions are 'mandatory and substantial compliance is required to ensure a defendant knowingly and voluntarily enters a guilty plea.'" *Juneau v. State*, 2025 ND 13, ¶ 14, 16 N.W.3d 229 (quoting *State v. Brame*, 2023 ND 121, ¶ 4, 993 N.W.2d 338). The court must find that the factual basis satisfies all elements of the crime charged. *Mackey v. State*, 2012 ND 159, ¶ 12, 819 N.W.2d 539 (citing *State v. Bates*, 2007 ND 15, ¶ 8, 726 N.W.2d 595). The factual basis may be established by statements from the defendant or the attorneys, from a presentence report, or by whatever other means are appropriate. *Id.* (citing Fed.R.Crim.P. 11, Advisory Committee Notes (1974 Amends.)).

[¶7]   The requirement the district court determine there is a factual basis for a guilty plea serves an important purpose. "Establishing a factual basis for the guilty plea ensures that the defendant is guilty of the charged crime." *State v. Glaser*, 2015 ND 31, ¶ 27, 858 N.W.2d 920; *see also Froistad v. State*, 2002 ND 52, ¶ 18, 641 N.W.2d 86 ("Persons whose conduct does not fall within the charges brought by a prosecutor should not plead guilty, but unless a factual basis is required, the risk of innocent persons being adjudicated guilty is enhanced."); *cf.*

1A *Fed. Prac. & Proc. Crim.* § 180 (5th ed. Jun. 2024 update) ("By requiring the court to review at least some facts of the case before the conviction, Federal Rule of Criminal Procedure 11(b)(3) is designed to prevent a defendant who committed no crime from pleading guilty to one, and to prevent a defendant who is guilty of a lesser offense from pleading guilty to a higher charge."). "In addition, the finding of a factual basis, when made a matter of record, eliminates post-conviction factfinding proceedings aimed at determining the accuracy of guilty pleas." *Kaiser v. State*, 417 N.W.2d 175, 178 (N.D. 1987). Moreover, "the information developed in determining the factual basis is often useful to the court at sentencing." *Id.*; *see also* 5 Wayne R. LaFave et al., *Crim. Proc.* § 21.4(f) (4th ed. Nov. 2024 update) (in addition to protecting a person whose "conduct does not actually fall within the charge" from pleading guilty, "the inquiry into the factual basis of the plea provides the court with a better assessment of defendant's competency and willingness to plead guilty and his understanding of the charges, . . . provides a more adequate record and thus minimizes the likelihood of the plea being successfully challenged later").

[¶8]   "To establish a factual basis for the plea, the court must ascertain 'that the conduct which the defendant admits constitutes the offense charged.'" *Eaton v. State*, 2011 ND 35, ¶ 8, 793 N.W.2d 790 (quoting *Froistad*, 2002 ND 52, ¶ 19). "The court accepting the plea should compare the elements of the crime charged to the facts admitted to by the defendant." *Kremer v. State*, 2020 ND 132, ¶ 17, 945 N.W.2d 279 (quoting *Froistad*, ¶ 19); *see also State v. Blurton*, 2009 ND 144, ¶ 16, 770 N.W.2d 231 ("The defendant must admit to conduct in the factual basis that constitutes the charged offense and the court should compare each element of the charged offense to the facts the defendant admits.").

[¶9]   "The ideal method to establish a factual basis is for the district court to ask the defendant to state, in his own words, what he did that he believes constitutes the crime to which he is pleading guilty." *Glaser*, 2015 ND 31, ¶ 27; *see also United States v. Washington*, 969 F.2d 1073, 1077 (D.C. Cir. 1992) (stating factual basis is easiest to find when defendant describes the conduct that gave rise to the charge); 24 *Moore's Federal Practice* § 611.08[2][c] (2024) ("[A] description by the defendant of the pertinent facts is the best means of eliciting a factual basis for

the plea."). However, the court need not address the defendant personally to establish a factual basis for the plea. *See Mackey*, 2012 ND 159, ¶ 9 (explaining unlike Rule 11(b)(1), "Rule 11(b)(3) includes no requirement that the court must directly address the defendant."); *see also* 1A *Fed. Prac. & Proc. Crim.* § 180 ("Neither Rule 11 nor the case law requires that the factual basis be developed through an on-the-record colloquy; a judge's examination of the record can be sufficient.").

[¶10] This Court has discussed various ways by which a court may establish a factual basis:

> "First, the court could inquire directly of the defendant concerning the performance of the acts which constituted the crime. Secondly, the court could allow the defendant to describe to the court in his own words what had occurred and then the court could question the defendant. Thirdly, the court could have the prosecutor make an offer of proof concerning the factual basis for the charge."

*State v. Peterson*, 2019 ND 140, ¶ 7, 927 N.W.2d 74 (quoting *Mackey*, 2012 ND 159, ¶ 12).

[¶11] We also have stated, "[T]o establish a sufficient factual basis, the court may question the defendant, the prosecution or defense counsel, inquire into the presentence report when one is available, or by whatever means is appropriate in a specific case." *Glaser*, 2015 ND 31, ¶ 27; *see also State v. Hagemann,* 326 N.W.2d 861, 872 (N.D. 1982) (concluding "that the summations of the evidence against [the defendant] by his defense counsel and by the state's attorney were sufficient for the district court to determine" an adequate factual basis); *but see United States v. Tucker*, 425 F.2d 624, 629 (4th Cir. 1970) (generalized admissions on statements by defense counsel do not meet requirement of establishing factual basis and are "totally inconsistent with the purposes of Rule 11"). "In addition to questioning the parties, a trial court may determine a factual basis for the plea exists from anything appearing on the record." *Glaser*, ¶ 27. The court also may take testimony. *See State v. Halton*, 535 N.W.2d 734, 736 (N.D. 1995) (noting that at the change-of-plea hearing the court "questioned [the defendant] about the voluntariness of his plea, heard testimony establishing a factual basis for the

plea, and accepted the plea of guilty"); *State v. Hobus*, 535 N.W.2d 728 (N.D. 1995) ("The transcript reflects that the court established a sufficient factual basis for the plea, mostly from [the defendant's] own testimony."); *State v. DeCoteau*, 325 N.W.2d 187, 190 (N.D. 1982) (explaining "before the court accepted the plea, it heard the sworn testimony of a police officer who summarized the State's case"). A defendant's admission to specific allegations in the complaint may be enough to support a court's determination a factual basis for the plea exists. 1A *Fed. Prac. & Proc. Crim.* § 180 ("The allegations in the indictment standing alone may well be inadequate, although a detailed indictment, particularly where the defendant affirms the specific allegations, can support a court's finding of a factual basis."); *but see United States v. Robinson*, 799 F.3d 196, 200 (2d Cir. 2015) (stating plea colloquy required more than the reading of the indictment and defendant's admission to it). Thus, although "the court must determine that there is a factual basis for the plea," the court is "free to decide in the particular case how this determination . . . can best be made[.]" 5 LaFave, *supra,* § 21.4(f).

[¶12] Here, after the district court informed Littleghost of the charges, Littleghost pleaded guilty. After determining count 3 was dismissed, the court stated, "I will find then that there is a sufficient factual basis on Counts 1 and 2, Count 3 having been dismissed here." The court proceeded to sentencing. The record does not reflect that the court made "inquiry to ensure that there is a factual basis for the plea." N.D.R.Crim.P. 11(b)(3), Explanatory Note. The court did not ask Littleghost what he did that constituted the crimes to which he pleaded guilty. The court did not ask Littleghost to describe what occurred. The court did not ask Littleghost if he agreed with the allegations in the complaint or the facts in the affidavit of probable cause or ask the prosecutor to make an offer of proof concerning the factual basis for the charges. The court did not rely on testimony or make reference to the preliminary hearing, the motion to suppress hearing, the incident report, the affidavit of probable cause, or any other matter in the record. Without identifying the facts underlying the charged offenses, the court could not compare the elements of the crimes charged to any facts when it determined a factual basis existed for the charges.

[¶13] While a district court may consider many sources to determine a factual basis for a plea, a guilty plea is insufficient to support a criminal conviction. *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992). "The factual basis cannot be implied from the fact that the defendant entered a plea, but must appear on the face of the record and 'must be precise enough and sufficiently specific' to demonstrate that the accused committed the charged criminal offense." *Id.* (quoting *United States v. Johnson*, 546 F.2d 1225, 1226 (5th Cir. 1977)).

[¶14] To comply with N.D.R.Crim.P. 11(b)(3), the record must reflect the basis of the district court's determination a factual basis exists. In *Mackey*, we cited *United States v. King*, 604 F.2d 411, 414 (5th Cir. 1979), for the proposition that "[a]s long as the factual basis is developed *on the record*, it may come from several sources." 2012 ND 159, ¶ 9 (emphasis added). While the exact method of producing a factual basis on the record is flexible, "Rule 11 requires the district court to 'develop, *on the record*, the factual basis for the plea.' Thus, in assessing whether the district court complied with Rule 11's strictures, we may not consider whether any facts that the court *did not* rely on could have furnished the necessary basis." *United States v. Aybar-Peguero*, 72 F.4th 478, 486 (2d Cir. 2023) (cleaned up). *Mackey* permits district courts to consider matters in the record when determining whether a factual basis for a plea exists. But the record still must contain the basis for the court's determination a factual basis exists. *See State v. Berg*, 2015 ND 61, ¶ 10, 860 N.W.2d 829 ("Because a district court may consider the entire record in finding a plea's factual basis, the district court in this case could consider the testimony at the earlier hearings regarding the date the offense was reported, when it determined a factual basis existed for Berg's guilty plea. In fact, at the change of plea hearing, Berg's attorney requested the district court take judicial notice of the testimony at the two motion hearings to further supplement the record."); *Glaser*, 2015 ND 31, ¶¶ 29-30 (concluding the district court established a sufficient factual basis when it reviewed the psychosexual risk assessment report, the victim impact statement, and verified the defendant understood he was admitting the allegation in the affidavit of probable cause); *State v. Oie*, 2005 ND 160, ¶ 1, 704 N.W.2d 573 ("The record reflects the district court made an open court inquiry into the factual basis and additionally supplemented such basis with information contained in the pre-

sentence investigation report."); *see also Godwin v. United States*, 687 F.2d 585, 589-90 (2d Cir. 1982) ("Although Rule 11 specifies only that the court must be 'satisfied' that the plea has a basis in fact, that factual basis must be developed on the record at the plea proceeding[.]"); *Sassoon v. United States,* 561 F.2d 1154, 1159 (5th Cir. 1977) ("[T]he factual basis, whatever its source, must appear clearly on the record."); *United States v. Fountain*, 777 F.2d 351, 357 (7th Cir. 1985) (emphasizing the judge's obligation under Rule 11 to develop on the record a factual basis for the plea); *United States v. Wetterlin*, 583 F.2d 346, 353 (7th Cir. 1978) (stating "if the district judge finds it necessary to look to evidence other than the defendants' statements to establish the factual basis for the plea in any situation, these additional facts or evidence must be specifically articulated on the record"); 1A *Fed. Prac. & Proc. Crim.* § 180 ("The factual basis for the plea must be developed on the record, and courts can look to a variety of sources to satisfy the requirement.").

[¶15] Importantly, N.D.R.Crim.P. 11(b)(3) cannot be read in isolation. *State v. Ebertz*, 2010 ND 79, ¶ 8, 782 N.W.2d 350 (stating we construe rules as a whole). Rule 11(b)(4) requires, with limited exceptions not applicable here, that "before entering judgment on a guilty plea, the court must determine that the defendant . . . acknowledges facts exist that support the guilty plea." Rule 11(f) provides, "A verbatim record of the proceedings at which the defendant enters a plea must be made." It further provides, "If there is a plea of guilty, the record must include the court's inquiries and advice to the defendant required under Rule 11(b) and (c)." *Id.* The verbatim record necessarily includes the court's inquiry regarding the defendant's acknowledgement "facts exist that support the guilty plea" and any inquiries regarding the factual basis for the plea. *Id.* at (b)(4)(A).

[¶16] The district court also must put on the record the basis of its determination a factual basis exists for the guilty plea so this Court can meaningfully review the court's determination. 1A *Fed. Prac. & Proc. Crim.* § 180 (stating the judge's determination on whether there is a factual basis for the plea is subject to appellate review). It does not appear this Court has determined the standard for reviewing a court's determination a factual basis exists for a guilty plea. Some appellate courts review a court's determination as to the existence of facts

7

supporting a guilty plea under the clearly erroneous standard. *United States v. Escajeda*, 8 F.4th 423, 426 (5th Cir. 2021); *United States v. Moran*, 452 F.3d 1167, 1171-72 (10th Cir. 2006); *United States v. Blair*, 54 F.3d 639, 643 (10th Cir. 1995); *United States v. Armstrong*, 951 F.2d 626, 629 (5th Cir. 1992); *but see Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1098 (9th Cir. 2016) (stating the court reviews the district court's determination an adequate factual basis exists under either the clearly erroneous standard of review if the district court's conclusions are primarily factual and under the de novo standard of review if they are primarily legal). Some apply the abuse of discretion standard. 1A *Fed. Prac. & Proc. Crim.* § 180 (stating "district courts have broad discretion in making the factual basis decision, and a finding that such a factual basis exists will be reversed only for abuse of that discretion"). Irrespective of the applicable standard of review, when as here the record does not reflect the basis of the court's determination there is a factual basis for the plea, we cannot determine whether the court's determination meets that standard.

[¶17] We conclude the district court committed an error that is plain by deviating from an applicable rule in accepting Littleghost's guilty pleas in the February case without determining a factual basis existed for the pleas. This satisfies prongs 1 and 2 of the obvious error analysis.

B

[¶18] The third prong of the obvious error analysis is whether "the error affects the defendant's substantial rights." *Pemberton*, 2019 ND 157, ¶ 9.

[¶19] The requirement in N.D.R.Crim.P. 11(b)(3) that the district court determine there is a factual basis for the plea is inextricably intertwined with the requirements that the court determine the defendant understands "the nature of each charge to which the defendant is pleading," N.D.R.Crim.P. 11(b)(1)(F), and that the defendant "acknowledges facts exist that support the guilty plea," N.D.R.Crim.P. 11(b)(4)(A). As one federal court of appeals wrote:

> "A lack of a factual basis for a plea is a substantial defect calling into question the validity of the plea. Such defects are not technical, but

8

are so fundamental as to cast serious doubt on the voluntariness of the plea, and require reversal and remand so that the defendant may plead anew or stand trial."

*United States v. Adams*, 448 F.3d 492, 502 (2d Cir. 2006) (cleaned up). This Court has also said: "Because the lack of a factual basis for a plea is a substantial defect which calls into question the plea's validity, the adequacy of the factual basis for [the defendant's] guilty plea must be addressed." *Glaser*, 2015 ND 31, ¶ 25 (citing *Mackey*, 2012 ND 159, ¶ 10).

[¶20] In this case, the following exchange occurred:

"THE COURT: . . . Sir, you're charged in Count 1 with Contact by Bodily Fluids, in violation of North Dakota law, in that on or about February 27, 2023, you knowingly caused blood, emesis, excrement, mucus, or saliva to come in contact with Fargo Police Officer Jesse Helm acting in the scope of his employment. To that charge, how do you plead?

THE DEFENDANT: Your Honor, I'll plead guilty.

THE COURT: Okay. Count 2, Contact by Bodily Fluids, in violation of North Dakota law, in that on or about February 27, 2023, you knowingly caused blood, emesis, excrement, mucus, or saliva to come in contact with Fargo Police Officer Patrick Thomas during the scope of his employment. To that charge, how do you plead?

THE DEFENDANT: Guilty."

[¶21] After Littleghost pleaded guilty to the charges in the June case, the court stated, "Factual basis." The State then reviewed the facts, including that Littleghost "spit on a store clerk at Casey's gas station," fled the scene, officers recognized Littleghost and attempted to detain him, Littleghost fled again, and then spit on an identified officer who was working in the scope of his duties. The court then asked Littleghost, "Sir, is that basically what happened?" to which Littleghost responded, "Yes."

[¶22] Unlike the June case, there is no reference during the hearing regarding where the alleged events occurred in the February case, what specific actions Littleghost knowingly did, and what bodily fluid(s) came in contact with the officers. *Adams*, 448 F.3d at 502 (stating the court reviews "all evidence on the record *during the plea proceeding* in search of evidence supporting" a factual basis for the plea) (emphasis added). Absent that information, nothing in this record supports a determination Littleghost understood the specific factual charges. Without that information in the record, the court could not compare the elements of the crimes charged to the facts acknowledged by Littleghost. In *Glaser*, as in *Mackey*, we noted the district court did not utilize the "typical means" to establish a factual basis, but we nonetheless held the court in *Glaser* "established a sufficient factual basis because it reviewed the record, specified the crime, and verified [the defendant] understood he was admitting the allegation." 2015 ND 31, ¶ 30. Unlike *Glaser*, here the district court did not utilize any means to determine a factual basis existed before accepting Littleghost's pleas. Because the court's failure to comply with Rule 11 in this case goes to the very essence of the knowing and voluntariness of Littleghost's guilty pleas, we conclude the court's error affected his substantial rights.

III

[¶23] Littleghost argues the district court erred in denying his motions to suppress statements for both arrests because he was not properly *Mirandized*. Because we reverse the judgment in the February case, we only address the suppression issue relating to the June charges.

[¶24] When reviewing the denial of a motion to suppress, this Court:

> "defers to the district court's findings of fact and resolves conflicts in testimony in favor of affirmance. Generally, a district court's decision to deny a motion to suppress will be affirmed if there is sufficient competent evidence capable of supporting the court's findings and if its decision is not contrary to the manifest weight of the evidence. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law."

*State v. Canfield,* 2013 ND 236, ¶ 6, 840 N.W.2d 620 (cleaned up).

[¶25] The district court held a hearing on the motions to suppress. After reviewing the evidence, the court found there "were no statements made for consideration for suppression under *Miranda*" and denied the motion. During the hearing, officers testified they did not ask Littleghost any questions about the incident. The officers testified Littleghost did not make any incriminating statements prior to being *Mirandized*. They also testified Littleghost was swearing; however, no statements about the incident were made.

[¶26] Littleghost nevertheless claims his utterances should be suppressed because he "was speaking and swearing at officers during his seizure and eventual arrest." He argued that "[b]ecause the charges against Mr. Littleghost were not strict liability crimes, Mr. Littleghost's actions must have been made with intention. His statements, even swearing, go towards proving his culpability." The district court rejected these claims, finding that no suppressible statements existed. The court's findings are supported by the record and its conclusion is not contrary to law. Therefore, the court did not err in denying the motion to suppress in the June case.

IV

[¶27] The district court obviously erred by accepting Littleghost's guilty pleas in the February case without an adequate factual basis, but did not err denying Littleghost's motion to suppress in the June case. We reverse in part and affirm in part.

[¶28] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr